1  Timothy R. Hanigan (State Bar No. 125791)
   trhanigan@gmail.com
2  Arthur Carvalho, Jr. (State Bar No. 125370)
   acarvalho@lhcllp.com
3  LANG, HANIGAN & CARVALHO, LLP
   21550 Oxnard Street, Suite 760
4  Woodland Hills, California 91367
   Telephone:  (818) 883-5644
5  Facsimile:   (818) 704-9372

6  Attorneys for Plaintiffs
   808 Holdings, LLC
7

8              UNITED STATES DISTRICT COURT
       CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION
9

10  808 HOLDINGS, LLC, a California limited        )  Case No. CV12- 02251 JFW (JCGx)
    liability company,                             )
11                                                 )  COMPLAINT FOR:
                        Plaintiff,                  )
12                                                 )  (1) DIRECT COPYRIGHT
           vs.                                     )      INFRINGEMENT -17 U.S.C. §501;
13                                                 )  (2) CONTRIBUTORY COPYRIGHT
    COLLECTIVE OF JANUARY 3, 2012                  )      INFRINGEMENT; and
14  SHARING HASH                                   )  (3) NEGLIGENCE
    E37917C8EEB4585E6421358FF32F29CD63             )
15  C23C91ON, and DOES 1 through 10,               )
    inclusive,                                     )
16                                                 )
                        Defendants.                 )
17  _____       )

18

19         Plaintiff, 808 Holdings, LLC ("808 Holdings" or "Plaintiff") brings and files this complaint

20  against multiple unknown Defendants and alleges as follows:

21                              **I. NATURE OF THE CASE**

22         1.      808 Holdings is the registered owner, and exclusive right holder, of the copyright for

23  the motion picture, "Brandon & Pierce Unwrapped" (hereinafter the "Motion Picture").  Plaintiff is

24  informed and believes and based thereon alleges that the U.S. Copyright Office received Plaintiff's

25  full and complete copyright application on or about December 22, 2011.  Receipt of a full and

26  complete copyright application satisfies the registration requirements of the U.S. Copyright Office

27  as well as this jurisdiction.  Therefore, Plaintiff holds a federally registered copyright of the Motion

28  Picture from the United States Copyright Office.

*LANG, HANIGAN & CARVALHO, LLP*
*21550 Oxnard Street, Suite 760*
*Woodland Hills, CA 91367*
*(818) 883-5644*

---
                                  1
                  *Complaint for Copyright Infringement*

2.       All Doe defendants sued herein (collectively "Defendants"), who's personally identifiable information is currently unknown, acted in a collective and interdependent manner to infringe Plaintiff's copyright protected work using BitTorrent file transfer protocol.

3.       Because of the relative simplicity and ease of BitTorrent, even a single unlawful copy is extremely damaging to Plaintiff's intellectual property rights.  Each time a Defendant unlawfully distributes Plaintiff's Motion Picture to others, those individuals can then distribute that infringing copy to others in an interconnected collective that builds upon itself with each new distribution.  The collective builds upon its prior infringements to grow infinitely larger, effectuating a worldwide epidemic of infringements upon Plaintiff's copyright protected work.

4.       Plaintiff seeks relief for the Defendants' systematic and continuous infringement of Plaintiff's copyright in the Motion Picture, and for injunctive relief to interdict the Defendants from continuing their unabashed infringement of Plaintiff's exclusive rights.

## II. JURISDICTION AND VENUE

5.       This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement and related claims pursuant to 17 U.S.C. §§ 101, et seq., and 28 U.S.C. §§ 1331 and 1331(a).

6.       Defendants reside in, solicit, transact, and/or are doing business within the jurisdiction of this Court; they have committed unlawful and intentional tortuous acts both within and outside the jurisdiction of this Court with the full knowledge that their acts would cause injury in this jurisdiction.  As such, Defendants have sufficient contacts with this judicial district to permit the Court's exercise of personal jurisdiction over each.

7.       Plaintiff's claims arise out of the Defendants' conduct which gives rise to personal jurisdiction over Defendants.  In taking the affirmative action of both downloading and uploading an audiovisual file of Plaintiff's Motion Picture, Defendants engaged in intentional acts.  As the file contained Plaintiff's name as well as a California address for its custodian of records, Defendants knew or should have known - and only could not have known through willful blindness - that the copyright belonged to a California entity; an entity that resides in this jurisdiction and thus

//

*Complaint for Copyright Infringement*

1   Defendants expressly targeted their infringing actions and caused damages so as to take place in this

2   Court's jurisdiction.

3        8.    Plaintiff is well-known as a California corporation and the adult entertainment

4   industry as a whole, including Plaintiff's corporation, is commonly known to be centered

5   throughout the State of California. There was clearly foreseeable harm in this jurisdiction, and

6   Defendants' conduct caused harm that they knew or should have known was likely to be suffered in

7   this forum.

8        9.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a). As

9   this is a copyright infringement action, venue is proper in any judicial district in which a Defendant

10   resides or may be found. Furthermore, although the true identities of each and every member of the

11   collective formed by the Defendants is unknown to the Plaintiff at this time, on information and

12   belief, each Defendant may be found in this District and/or a substantial part of the infringing acts

13   complained of occurred in this District. Defendants can reasonably anticipate being sued in this

14   District.

15                 **III.  THE PARTIES**

16        10.    808 Holdings is a limited liability company organized and existing under the laws of

17   the State of California. 808 Holdings does business under the names "Cody Media" and

18   "SeanCody.com."

19        11.    The true names and capacities, whether individual, corporate, associate or otherwise,

20   of Defendants are unknown to Plaintiff, who therefore sues said Defendants by such fictitious

21   names. Each Defendant is presently known to Plaintiff only by the unique Internet Protocol ("IP")

22   address, which was assigned to them by each Defendant's Internet Service Provider ("ISP") on the

23   specific date and at the specific time at which the infringing activity of each Defendant was

24   observed. The IP address of the account each Defendant used to access the Internet, together with

25   the date and time at which his or her infringing activity was observed, is alleged herein below.

26        12.    The Defendants are a group of BitTorrent users - "peers" - whose computers are

27   collectively interconnected and interdependent upon each other for the sharing of a unique file,

28   otherwise known as a "swarm." Each and every BitTorrent swarm is associated with a specific and

1    unique "hash." A hash is a unique identifier for a particular file (in this action, Plaintiff's Motion

2    Picture), created by an algorithm developed and implemented by the National Security Agency.

3    The unique hash file associated with the Motion Picture in the instant action is identified as

4    E37917C8EEB4585E6421358FF32F29CD63C23C91 (herein identified as "E379 Hash").

5         13.    All of the Defendants republished and duplicated Plaintiff's Motion Picture. They

6    not only replicated the exact same Motion Picture, but all of the Defendants republished, duplicated,

7    and replicated the exact same copy and exact same hash file. Thus, all Defendants replicated and

8    shared with each other the precise and exact same file and portions thereof in a completely

9    interconnected and collective effort - dependent on one another to achieve their nefarious ends - to

10    deprive Plaintiff of the exclusive rights afforded to it via the Copyright Act.

11         14.    Plaintiff is informed and believes and based thereon alleges that each of the

12    Defendants was and is the agent of the other Defendants, acting within the purpose and scope of

13    said agency. Plaintiff is further informed and believes and based thereon alleges that each of the

14    Defendants authorized and ratified the conduct herein alleged of each of the other Defendants.

15         15.    Plaintiff believes that information obtained in discovery will lead to the

16    identification of Defendants' true names and permit Plaintiff to amend this Complaint to identify

17    each Defendant. Plaintiff will amend this Complaint to include their proper names and capacities

18    when Plaintiff has determined those names.

19         16.    Plaintiff is informed and believes and based thereon alleges, that each of the

20    Defendants performed, participated in, abetted in some manner, and is responsible for, the acts

21    described in this Complaint and proximately caused the damages resulting therefrom.

22         17.    Defendants engaged in their copyright infringement scheme together. They all used

23    the same torrent-sharing technology to coordinate their collective copyright theft; they were all

24    members of the same exact swarm on the same exact date; they all used the same exact tracker file;

25    they all shared and republished the same exact motion picture; and they all shared the same exact

26    hash file of the Motion Picture with each other and other individuals on the same exact date,

27    January 3, 2012.

28    //

*Complaint for Copyright Infringement*

18.     The torrent swarm in this case is not an actual entity, but is rather made up of at least 10 individuals, acting in concert with each other, to achieve the common goal of infringing upon the Plaintiff's copyrights both by illegal duplication and distribution of Plaintiff's Motion Picture.

### Defendant Doe 1

19.     Defendant Doe 1 is unknown, but used the following IP address: 76.114.21.42.

20.     Defendant Doe 1, without authorization, reproduced and distributed Plaintiff's copyright protected  Motion Picture by downloading bits of the digital file identified as Hash E379 from various BitTorrent peers.  As Defendant Doe 1 downloaded pieces of the file from these peers, he made those pieces available for immediate, as well as future, downloading by other BitTorrent peers including the other Defendants.

21.     The infringing activity took place on January 3, 2012 at 3:01 PM UTC.

22.     Plaintiff is informed and believes and based thereon alleges that Defendant continued to make pieces of the hash file available to other torrent peers for *at least* the remainder of the day, thereby making the Motion Picture, or pieces of it, available for the other swarm members, including the subsequently named Defendants.

### Defendant Doe 2

23.     Defendant Doe 2 is unknown, but used the following IP address:    108.35.183.216.

24.     Doe 2 used this IP address to conduct the illegal activities complained of herein, including, but not limited to, the illegal distribution and republication of Plaintiff's copyright protected Motion Picture.  Defendant conducted his infringing activities  through the use of the E379 Hash to an incalculable number of other individuals, including those named in the instant action.

25.     The infringing activity took place on January 3, 2012 at 4:37 PM UTC, 36 minutes after Doe 1.

### Defendant Doe 3

26.     Defendant Doe 3 is unknown, but used the following IP address:    50.8.232.102.

27.     Doe 3 used this IP address to conduct the illegal activities complained of herein, including, but not limited to, the illegal distribution and republication of Plaintiff's copyright

1 protected Motion Picture.  Defendant conducted his infringing activities  through the use of the

2 E379 Hash to an incalculable number of other individuals, including those named in the instant

3 action.

4      28.     The infringing activity took place on January 3, 2012 at 5:47 PM UTC, 1 hour and

5 10 minutes after Doe 2.

6 **Defendant Doe 4**

7      29.     Defendant Doe 4 is unknown, but used the following IP address:   76.253.5.154.

8      30.     Doe 4 used this IP address to conduct the illegal activities complained of herein,

9 including, but not limited to, the illegal distribution and republication of Plaintiff's copyright

10 protected Motion Picture.  Defendant conducted his infringing activities  through the use of the

11 E379 Hash to an incalculable number of other individuals, including those named in the instant

12 action.

13      31.     The infringing activity took place on January 3, 2012 at 5:51 PM UTC, 4 minutes

14 after Doe 3.

15 **Defendant Doe 5**

16      32.     Defendant Doe 5 is unknown, but used the following IP address:   98.192.33.97.

17      33.     Doe 5 used this IP address to conduct the illegal activities complained of herein,

18 including, but not limited to, the illegal distribution and republication of Plaintiff's copyright

19 protected Motion Picture.  Defendant conducted his infringing activities  through the use of the

20 E379 Hash to an incalculable number of other individuals, including those named in the instant

21 action.

22      34.     The infringing activity took place on January 3, 2012 at 6:04 PM UTC, 13 minutes

23 after Doe 4.

24 **Defendant Doe 6**

25      35.     Defendant Doe 6 is unknown, but used the following IP address:   99.56.5.42.

26      36.     Doe 6 used this IP address to conduct the illegal activities complained of herein,

27 including, but not limited to, the illegal distribution and republication of Plaintiff's copyright

28 protected Motion Picture.  Defendant conducted his infringing activities  through the use of the

1    E379 Hash to an incalculable number of other individuals, including those named in the instant
2    action.

3         37.    The infringing activity took place on January 3, 2012 at 6:49 PM UTC, 45 minutes
4    after Doe 5.

### Defendant Doe 7

6         38.    Defendant Doe 7 is unknown, but used the following IP address:    174.26.48.189.
7         39.    Doe 7 used this IP address to conduct the illegal activities complained of herein,
8    including, but not limited to, the illegal distribution and republication of Plaintiff's copyright
9    protected Motion Picture.  Defendant conducted his infringing activities  through the use of the
10   E379 Hash to an incalculable number of other individuals, including those named in the instant
11   action.

12        40.    The infringing activity took place on January 3, 2012 at 7:30 PM UTC, 41 minutes
13   after Doe 6.

### Defendant Doe 8

15        41.    Defendant Doe 8 is unknown, but used the following IP address:    68.49.101.92.
16        42.    Doe 8 used this IP address to conduct the illegal activities complained of herein,
17   including, but not limited to, the illegal distribution and republication of Plaintiff's copyright
18   protected Motion Picture.  Defendant conducted his infringing activities  through the use of the
19   E379 Hash to an incalculable number of other individuals, including those named in the instant
20   action.

21        43.    The infringing activity took place on January 3, 2012 at 7:31 PM UTC, 1 minute
22   after Doe 7.

### Defendant Doe 9

24        44.    Defendant Doe 9 is unknown, but used the following IP address:    24.4.98.209.
25        45.    Doe 9 used this IP address to conduct the illegal activities complained of herein,
26   including, but not limited to, the illegal distribution and republication of Plaintiff's copyright
27   protected Motion Picture.  Defendant conducted his infringing activities  through the use of the
28   //

*Complaint for Copyright Infringement*

1  E379 Hash to an incalculable number of other individuals, including those named in the instant

2  action.

3        46.     The infringing activity took place on January 3, 2012 at 8:10 PM UTC, 39 minutes

4  after Doe 8.

5  **Defendant Doe 10**

6      47.     Defendant Doe 10 is unknown, but used the following IP address: 99.68.19.179.

7      48.     Doe 10 used this IP address to conduct the illegal activities complained of herein,

8  including, but not limited to, the illegal distribution and republication of Plaintiff's copyright

9  protected Motion Picture. Defendant conducted his infringing activities through the use of the

10  E379 Hash to an incalculable number of other individuals, including those named in the instant

11  action.

12        49.     The infringing activity took place on January 3, 2012 at 9:35 PM UTC, 1 hour and

13  25 minutes after Doe 9.

14  **IV. COPYRIGHT AND BITTORRENT**

15      50.     BitTorrent is a peer-to-peer file sharing protocol that allows quick downloading of

16  large files using minimum bandwidth. Unlike previously used technology, such as Limewire,

17  Kazaa, and Napster, BitTorrent allows for higher transfer speeds by locating pieces (or "bits") of the

18  file already present on other users' computers and downloading them simultaneously. This is done

19  by joining into the "swarm," or collective, of peers to download and upload from each other

20  simultaneously. Such process allows for downloading of popular content, such as copyright

21  protected television shows and motion pictures, much faster than using alternative technology.

22      51.     While the science of the BitTorrent process is admittedly convoluted, the process

23  each user goes through to download the file is quick and efficient. If a user wants to download a

24  media file, he effortlessly opens the corresponding file on a BitTorrent client application. Such files

25  can be readily found online or on infinite numbers of BitTorrent cataloging web sites.

26      52.     The downloader's BitTorrent client then extracts a list containing various tracker

27  locations which it then connects to that identifies IP addresses that have the file available. Each IP

28  address identifies an uploader who is **currently** running BitTorrent software on his computer and is

1  **currently** offering the file to distribute and copy. The downloader's BitTorrent program then

2  begins downloading the motion picture file without any further action from the user.

3      53.     The swarms conception begins with one initial user - called the "seed user" or

4  "seeder." The seeder intentionally begins to share a file with a torrent swarm. The original file thus

5  contains Plaintiff's entire copyrighted Motion Picture.

6      54.     New members of the swarm then connect to the "seeder" to download the file. This

7  download creates an exact digital copy of Plaintiff's copyrighted Motion Picture. As new infringers

8  join the swarm, the process repeats itself and expands the number of users in the collective swarm

9  to the thousands. Each member is concurrently uploading and downloading portions of the same

10 exact digital copy with each other. Thus, even if the initial seeder leaves the swarm, the file is

11 already spread amongst the entire swarm and can be downloaded at will by old and new members of

12 the swarm, even without the initial seeder.

13     55.     This process causes the file to be broken up over hundreds of pieces ("bits") that

14 make both downloading and uploading quicker and more efficient. Each bit is then immediately

15 made available for distribution to others seeking the same file. The effect of this method of

16 infringement means that every user who has a copy of the infringing material on a torrent network

17 must necessarily also be a source for others to download that same material. Thus, even though the

18 initial seeder may leave the swarm, every downloader becomes an uploader for those seeking the

19 file.

20     56.     The total number of users participating in the swarm at any given time increases the

21 overall speed and efficiency at which all the other swarm members can download the entire file.

22 Thus, each user relies on the other swarm members for not only specific bits of the audiovisual file

23 he exchanges to or from specific users, but also he necessarily relies on *all* the other members of the

24 swarm to increase the speed at which he is able to download the file. In effect, due to the nature of

25 an infringing swarm, every infringer is - and by necessity together - simultaneously both stealing the

26 Plaintiff's copyright protected material and redistributing it for others.

27     57.     BitTorrent also polices itself to encourage the continued infringement of Plaintiff's

28 copyrights. If a user should feel that they simply want to download the requested content without

9

1   also serving as an uploading source for others, they become a "leecher." Leeching is discouraged by

2   the swarm by stalling the downloads of leechers in order to preserve network speed for those who

3   are also contributing to the swarm. Thus, BitTorrent is of no use to members unless they not only

4   copy, but also distribute the work in question.

5        58.    The Motion Picture at issue in this action is easily discernable as a professional

6   work. Plaintiff is a premiere name in the adult entertainment industry and created the works using

7   professional performers, directors, cinematographers, lighting technicians, set designers and editors.

8   Plaintiff created each work with professional-grade cameras, lighting and editing equipment.

9        59.    Each of Plaintiff's works is marked with a trademark (Sean Cody) and a statement as

10  required by 18 U.S.C. § 2257 that age verification records for all individuals appearing in the works

11  are maintained by Plaintiff's custodian of records in San Diego, California.

12       60.    At various times, Plaintiff discovered and documented Defendant DOES 1-10,

13  without authorization, copying and distributing by and through a BitTorrent network, the Motion

14  Picture owned by and registered to Plaintiff in violation of 17 U.S.C. §§ 106(1) and (3). By so

15  doing, Defendants have knowingly and purposefully infringed, and induced others to infringe,

16  Plaintiff's copyrighted works.

17       61.    Defendants are contributing to a problem that threatens the profitability and viability

18  of Plaintiff. Although Plaintiff cannot determine at this time the precise amount of revenue that it

19  has lost as a result of the peer-to-peer file sharing of its works, through BitTorrent software, the

20  amount of that lost revenue is enormous.

21  **V. ALL DEFENDANTS ARE MEMBERS OF THE SAME SWARM**

22       62.    Defendants are all members of a single collective peer-to-peer (hereinafter "P2P")

23  network that was used for the unlawful infringement of Plaintiff's copyright protected Motion

24  Picture.

25       63.    Defendants began this process by searching for and downloading BitTorrent software

26  that enabled them to search for and download Plaintiff's copyright protected work.

27       64.    The unique identifier created by the National Security Agency associated with this

28  particular action is the E379 hash. Each and every Defendant is a member of the same collective

swarm associated with the E379 hash.  Each acted collectively, and in concert, in effectuating the illegal and unauthorized sharing of Plaintiff's copyrighted work.

65.      Each and every Defendant was, or is, in possession of a computer that joined this collective swarm for the purposes of illegally downloading Plaintiff's copyrighted work.  Each and every computer used by Defendants harbored, or still does harbor, Plaintiff's copyrighted work which was downloaded through the same exact swarm, on the same exact date, sharing the same exact hash file.

66.      Each and every Defendant unlawfully republished and redistributed Plaintiff's Motion Picture.  Defendants did not merely share multiple copies of the Motion Picture, but shared the exact same copy (as all have the same exact hash file), through the exact same swarm, on the exact same date.  Such evidence shows that Defendants acted in concert and linked together in a massive collective effort and conspiracy to infringe on Plaintiff's exclusive rights in the copyright protected Motion Picture.

67.      Each Defendant used the same exact method of infringement by use of the BitTorrent file transfer protocol to upload and download Plaintiffs works.  At no time did any Defendant have permission or license from Plaintiff to copy, distribute or publish the Motion Picture.

68.      After each Defendant had possession of the tracker file to find and locate each other member of the infringing swarm, each and every Defendant used that information to connect to other Defendants for the purpose of sharing Plaintiff's copyright protected work with other members of the swarm.

69.      Each and every Defendant then joined the same exact swarm, acting in concert and in a collective nature to upload and download the same exact motion picture, using the same exact unique hash identifier.

70.      After being connected to the BitTorrent swarm sharing the requested Motion Picture, each and every Defendant shared the Motion Picture between each other.  Such action was done by breaking the larger work into smaller bits and giving and taking each bit from each other as needed to reassemble the infringing Motion Picture in its entirety on their computers.

71.     Because of the foregoing facts, each and every Defendant participated in the same exact swarm, infringing upon Plaintiff's exclusive rights in its work by uploading (distributing) and downloading (reproducing) Plaintiff's copyrighted film.  Through such action each Defendant assisted each other, as members for the same exact swarm, to download the same exact infringing work.

## VI.  FIRST CAUSE OF ACTION

### (Copyright Infringement 17 U.S.C. §501)

72.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraph 1-72  above, inclusive.

73.     At all times relevant hereto, Plaintiff has been the producer and owner of the audiovisual work "Brandon & Pierce Unwrapped," which Defendants willful and intentionally reproduced and distributed by and through the Internet using BitTorrent protocol.

74.     Plaintiff is informed and believes and based thereon alleges that the U.S. Copyright Office received Plaintiff's full and complete copyright application on or about December 22, 2011. Receipt of a full and complete copyright application satisfies the registration requirements of the U.S. Copyright Office as well as this jurisdiction.  Therefore, Plaintiff holds a federally registered copyright of the Motion Picture from the United States Copyright Office.

75.     Among the exclusive rights granted to Plaintiff under the Copyright Act are the exclusive rights to reproduce the Motion Picture and to distribute it - rights willfully and maliciously infringed upon by Defendants.

76.     Plaintiff is informed and believed and based thereon alleges that Defendants, without authorization, reproduced and distributed Plaintiff's copyright registered Motion Picture by and through the Internet using BitTorrent technology.

77.     Defendants knew or should have known (and if they did not know it was only through willful blindness) that they were not authorized to reproduce or distribute Plaintiff's Motion Picture.

//

//

78.     As a direct result of Defendants' infringing actions, Plaintiff is entitled to either actual or statutory damages pursuant to 17 U.S.C. §501(c), and to its attorneys' fees pursuant to 17 U.S.C. § 505.

79.     The conduct of Defendants is, and will continue to, cause Plaintiff serious irreparable harm.  Said harm will continue unless Defendants are restrained from such conduct by this Court.  Plaintiff has no adequate remedy at law to stop such conduct.  Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief stopping Defendants from further infringing upon Plaintiff's exclusive rights, and ordering Defendants to destroy all copies of the Motion Picture made in violation of Plaintiff's exclusive rights under the Copyright Act.

## VII.  SECOND CAUSE OF ACTION

### (Contributory Copyright Infringement)

80.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraph 1-80 above, inclusive.

81.     Each Defendant has directly engaged in the unauthorized reproduction and distribution of Plaintiff's copyright registered work as set forth above.

82.     Each Defendant materially contributed to the direct infringement of the aforementioned named Defendants by providing pieces of Plaintiff's copyright registered work to those Defendants directly and/or by allowing those Defendants to download the infringing copies from other peers more quickly and more efficiently by adding to the overall efficiency of the swarm on the date in question.

83.     Each Defendant knew he or she was infringing upon Plaintiff's copyright and knew the other swarm participates, including the other Defendants, also were infringing upon Plaintiff's work.

84.     Each of the peers who illegally downloaded the Motion Picture derived portions of their illegal replication of the file from multiple peers including the other Defendants.  At the same time, each Defendant offered pieces of the file to help other peers, including the remaining Defendants, replicate and compile new copies of the file.

//

85.     When users all possess the same infringing work with the same exact hash number, as is the case here, it is because each infringer possess an exact digital copy, containing the exact bits unique to that file, of the original work.  In essence, although hundreds of users may be uploading the copyrighted work, you will receive only the exact parts of a singular upload, not a compilation of available pieces from various uploads.

86.     Each Defendant published the exact same hash file to the BitTorrent network.

87.     Each and every Defendant downloaded, uploaded and distributed the Motion Picture to each other, in concert with one another, dependent on each other, and through use of the exact same protocol.

88.     Because it is the exact same Motion Picture, using the exact same hash, in the same general time frame, the transaction of events at issue in this Complaint are common to all Defendants, thus rendering the Defendants properly joined in this action.

89.     Each Defendant assisted other members of the swarm, by either exchanging pieces with that user directly or by providing an alternative source for peers thereby making the swarm work more efficiently and increasing the speed in which each other Defendant was able to download the entire Motion Picture.

90.     The Defendants were conscious of their own infringement and of the fact that multiple other persons derivatively downloaded from them the file containing Plaintiff's copyright protected Motion Picture.

91.     The infringement by other BitTorrent users could not have occurred but for the Defendants' participation and the participation of others.  As such, the Defendants' participation in the infringing activities of others is substantial.

92.     Each Defendant is contributory liable for the infringing acts of the other Defendants.

93.     Each Defendant is jointly and severally liable for the harm Plaintiff suffered as a result of the Defendants contribution in the infringement of its copyright registered work including the continuing nearly limitless distribution of the infringing Motion Picture across the Internet.

//

//

94.     As a direct result of Defendants' infringing actions, Plaintiff is entitled to either actual or statutory damages pursuant to 17 U.S.C. §50(c), and to its attorneys' fees pursuant to 17 U.S.C. § 505.

95.     The conduct of Defendants is, and will continue to, cause Plaintiff serious irreparable harm.  Said harm will continue unless Defendants are restrained from such conduct by this Court. Plaintiff has no adequate remedy at law to stop such conduct.  Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief stopping Defendants from further infringing upon Plaintiff's exclusive rights, and ordering Defendants to destroy all copies of the Motion Picture made in violation of Plaintiff's exclusive rights under the Copyright Act.

## VIII.  THIRD CAUSE OF ACTION

### (Negligence)

96.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraph 1-96 above, inclusive.

97.     Defendants accessed or controlled access to the Internet connection used in performing the unauthorized copying and sharing of Plaintiff's Motion Picture as described above.

98.     Plaintiff alternatively alleges that Defendants failed to adequately secure their Internet access, whether accessible only through their computer when physically connected to the Internet, or accessible to many computers by use of a router, and failed to prevent its unlawful use for the purposes alleged herein.

99.     Reasonable Internet users take steps to secure their Internet access accounts to prevent the use of such accounts for nefarious and illegal purposes.  As such, Defendants' failure to secure their Internet access accounts, and thereby prevent such illegal uses thereof, constitutes a breach of the ordinary care that reasonable persons exercise in using an Internet access account.  In fact, more Internet service providers, including those who provided service for Defendants, generally require in their Terms of Service or Terms of Use that subscribers secure wireless routers with passwords.

100.    Upon information and belief, Plaintiff alleges that Defendants' failure to secure their Internet access allowed for the copying and sharing of Plaintiff's Motion Picture on Defendants'

15

1   respective Internet connections, and interfering with Plaintiff's exclusive rights in the copyrighted

2   work.

3        101.   By virtue of this unsecured access, Defendants negligently allowed the use of their

4   Internet access accounts to perform the above-described copying and sharing of Plaintiff's

5   copyrighted Motion Picture.

6        102.   Had Defendants taken reasonable care and steps in securing access to their Internet

7   connections, such infringements as those described above would not have occurred by the use of

8   their Internet access accounts.

9        103.   Defendants' negligent actions allowed others to unlawfully copy and share Plaintiff's

10   copyrighted Motion Picture, proximately causing financial harm to Plaintiff and unlawfully

11   interfering with Plaintiff's exclusive rights in the Motion Picture.

12        104.   As a direct result of Defendants' infringing actions, Plaintiff is entitled to either

13   actual or statutory damages pursuant to 17 U.S.C. §50(c), and to its attorneys' fees pursuant to 17

14   U.S.C. § 505.

15        105.   The conduct of Defendants is, and will continue to, cause Plaintiff serious irreparable

16   harm.  Said harm will continue unless Defendants are restrained from such conduct by this Court.

17   Plaintiff has no adequate remedy at law to stop such conduct.  Pursuant to 17 U.S.C. §§ 502 and

18   503, Plaintiff is entitled to injunctive relief stopping Defendants from further infringing upon

19   Plaintiff's exclusive rights, and ordering Defendants to destroy all copies of the Motion Picture

20   made in violation of Plaintiff's exclusive rights under the Copyright Act.

21   //

22   //

23   //

24   //

25   //

26   //

27   //

28   //

## PRAYER FOR RELIEF

1. For an injunction providing:

Defendant shall be and hereby is enjoined from directly or indirectly infringing upon Plaintiff's copyrights in the Motion Picture or any other works, whether now in existence or later created, that are owned or controlled by Plaintiff (or any parent, subsidiary, or affiliate of Plaintiff), including without limitation by using the Internet or any online media distribution system to reproduce (i.e. download) any of Plaintiff's works, to distribute (i.e. upload) any of Plaintiff's works, or to make any of Plaintiff's works available for distribution to the public, except pursuant to a lawful license or with the Plaintiff's express written consent. Defendant shall also destroy all copies of Plaintiff's works that Defendant has downloaded onto any computer hard drive or server and shall destroy all copies of those downloaded works transferred onto any physical medium or device in Defendant's possession, custody, or control.

2. For damages for each infringement of each copyrighted work pursuant to 17 U.S.C. § 504. These damages may be actual or statutory, but if statutory damages are elected, the Defendant's acts were willful in nature, justifying an award of up to $150,000 per infringement, and Plaintiff reserves the right to make such an election.

3. For Plaintiff's costs in this action.

4. For Plaintiff's attorneys' fees incurred in bringing this action.

5. For such other and further relief, either at law or in equity, general or special, to which they may be entitled.

DATED: March 15, 2012                    LANG, HANIGAN & CARVALHO, LLP.

                                         By _s/ Timothy R. Hanigan_
                                         Timothy R. Hanigan
                                         Attorneys for Plaintiff 808 Holdings, LLC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge John F. Walter and the assigned discovery Magistrate Judge is Jay C. Gandhi.

The case number on all documents filed with the Court should read as follows:

## CV12- 2251 JFW (JCGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Timothy R. Hanigan (S.B. 125791)
Lang, Hanigan & Carvalho, LLP
21550 Oxnard Street, Suite 760
Woodland Hills, CA 91367
(818) 883-5644

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

808 HOLDINGS, LLC, a California limited liability company,

PLAINTIFF(S)

v.

COLLECTIVE OF JANUARY 3, 2012 SHARING HASH E37917C8EEB4585E6421358FF32F29CD63 C23C91ON, and DOES 1 through 10, inclusive

DEFENDANT(S).

CASE NUMBER

CV12-02251 FW (JCG)

**SUMMONS**

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, __Lang, Hanigan & Carvalho, LLP__, whose address is __21550 Oxnard Street, Suite 760, Woodland Hills, CA 91367__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

MAR 16 2012

Dated: _____

Clerk, U.S. District Court

By: _____

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| 808 HOLDINGS, LLC, a California limited liability company | COLLECTIVE OF JANUARY 3, 2012 SHARING HASH E37917C8EEB4585E6421358FF32F29CD63C23C91ON, and DOES 1 through 10, inclusive, |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| LANG, HANIGAN & CARVALHO, LLP        (818) 883-5644 21550 OXNARD STREET, SUITE 760 WOODLAND HILLS, CA 91367 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff      ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant      ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☑ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:    JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No    ☑ **MONEY DEMANDED IN COMPLAINT: $** 150,000 per infringement

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

17 U.S.C. 501 - copyright infringement

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☑ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV12 - 02251

**FOR OFFICE USE ONLY:**    Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No  ☐ Yes
If yes, list case number(s):  CA12-2078-CAS(Ex)

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☑A. Arise from the same or closely related transactions, happenings, or events; or
　　　　　　　　　　　　　☑B. Call for determination of the same or substantially related or similar questions of law and fact; or
　　　　　　　　　　　　　☑C. For other reasons would entail substantial duplication of labor if heard by different judges; or
　　　　　　　　　　　　　☑D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES COUNTY | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| UNKNOWN | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____　Date ____3/15/12____

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |