Timothy R. Hanigan (State Bar No. 125791)
trhanigan@gmail.com
Arthur Carvalho, Jr. (State Bar No. 125370)
acarvalho@lhcllp.com
LANG, HANIGAN & CARVALHO, LLP
21550 Oxnard Street, Suite 760
Woodland Hills, California 91367
Telephone: (818) 883-5644
Facsimile: (818) 704-9372

Attorneys for Plaintiffs
808 Holdings, LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| 808 HOLDINGS, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>COLLECTIVE OF JANUARY 3, 2012 SHARING HASH E37917C8EEB4585E6421358FF32F29 CD63C23C91ON, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: CV12-2251 CAS(Ex)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION FOR ORDER ALLOWING EARLY DISCOVERY.**<br><br>**NON-HEARING MOTION** |

## INTRODUCTION

Plaintiff 808 Holdings, LLC ("808 Holdings" or "Plaintiff") seeks the personally identifying information of all 10 Doe Defendants from their Internet Service Providers ("ISPs"), and seeks an Order from this Court directing the ISPs to release the subscriber's personally identifiable information. The precise information sought from the various ISPs is found on **Exhibit A** to the Declaration of Timothy R. Hanigan. Additionally, Plaintiff requests leave to propound limited discovery in the form of interrogatories and deposition notices on those individuals identified by these ISPs, for the purpose of determining whether or not the actual Internet subscriber is the proper defendant in the instant action.

_____1_____
*Points and Authorities in Support of Ex Parte Application*

## FACTUAL BACKGROUND

Plaintiff 808 Holdings, LLC is a California limited liability company. 808 Holdings produces, markets, and distributes online adult entertainment in the form of web content, photographs, and motion pictures. Plaintiff is the proprietor of a website (SeanCody.com) by which numerous individuals can view its photographs and motions pictures for a monthly fee.

Defendant DOES 1-10 are individuals whose true identities and addresses are currently unknown to Plaintiff. These Defendants infringed upon Plaintiff's exclusive rights in its copyright protected motion picture by reproducing and redistributing unauthorized copies of the film "Brandon & Pierce Unwrapped." Plaintiff has procured the IP addresses assigned to each individual Defendant, but Plaintiff requires further investigation to identify the infringers. As such, Plaintiff intends to subpoena the ISPs in order to determine the identity of the individual Internet subscribers who were assigned the unique IP address on the date and time of the documented infringement.

The specific information Plaintiff shall request in the subpoenas issued to the ISPs is governed by 47 U.S.C. § 551, which bars cable operators from disclosing the personally identifiable information of its subscribers without that subscriber's expressed written consent unless such subpoena is accompanied by "a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed." 47 U.S.C. §551(c)(2)(B).

As such, Plaintiff moves this Court to issue the requisite Order directing the ISPs: **AT&T d/b/a SBC Internet Services**, **Clearwire Corporation, Comcast Cable**, **Qwest Communications**, and **Verizon Internet Services** to produce any and all documents and/or information sufficient to identify the user(s) of the assigned IP addresses during the specified dates and times as listed in **Exhibit "A"** to the Declaration of Timothy R. Hanigan (attached).

//

Additionally, Plaintiff requests permission to conduct early discovery on each user identified by the aforementioned ISPs in order to determine (without further motion) whether the actual subscriber performed the acts complained of or whether it was an individual with access to the subscriber's Internet connection.

## ARGUMENT

### The Federal Rules of Civil Procedure Provide for Early Discovery

The Federal Rules of Civil Procedure provide for discovery prior to a Rule 26 conference where the requesting party demonstrates good cause. *See, Semitool, Inc. v. Tokyo Electron Am., Inc.,* 208 F.R.D., 276 (N.D. Cal. 2002). "Good cause may be found whether the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* Good cause is frequently found in cases involving claims of infringement and unfair competition. Additionally, where the identity of alleged defendants will not be known prior to the filing of a complaint, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). More specifically, courts have recognized that "[s]ervice of process can pose a special dilemma for plaintiffs in cases like this in which the tortuous activity occurred entirely on-line." *Columbia Ins. Co. v. Seescandy.com,* 185 F.R.D. 573, 577 (N.D. Cal. 1999).

Accordingly, courts have developed the following factors to consider when granting motions for expedited discovery to identify anonymous Internet users: (1) whether the plaintiff can identify the missing party with sufficient specificity such that the court can determine that defendant is a real person or entity who could be sued in federal court; (2) all previous steps taken by the plaintiff to identify the Doe defendant; and (3) whether the plaintiff's suit could withstand a motion to dismiss.

*Id.* at 578-80. Each and every of these factors resolves in favor of granting Plaintiff the requested relief.

First, Plaintiff has sufficiently identified individuals who are real persons Plaintiff could sue in Federal Court. Plaintiff observed and documented infringement of its registered work by the individuals identified as DOES in the Complaint. The requested discovery is necessary for Plaintiff to determine the true name and address of the individuals who performed the infringing acts.

Second, there are no other practical measures Plaintiff could take in order to identify the potential Defendants. Due to the nature of on-line transactions, Plaintiff has no way of investigating the identities of the potential Defendants except via third-party subpoena to the ISP.

Third, Plaintiff has asserted against the potential defendants identified in its Complaint a *prima facie* claim for copyright infringement that can withstand a motion to dismiss. Specifically, Plaintiff has alleged that (a) it owns and has registered the copyrights in the work at issue, and (b) the specified potential defendants made unauthorized reproductions of those works and distributed them without Plaintiff's authorization. These allegations set forth a *prima facie* claim for copyright infringement under 17 U.S.C. §§ 106(1)(3).

When outlining the above factors, the court in *Columbia* noted that in cases where injured parties are likely to find themselves chasing unidentified tortfeasors from ISP to ISP, the traditional enforcement of strict compliance with service requirements should be tempered by the need to provide injured parties with a forum in which they may seek redress for grievances. *Columbia*, 185 F.R.D. at 579. An analysis of the aforementioned factors clearly demonstrates Plaintiff's legitimate interest in identifying the name and address of the subscribers of the Internet access accounts used to access BitTorrent and infringe Plaintiff's copyright protected work.

Additionally, Plaintiff's negligence cause of action will withstand a motion to dismiss. Negligent conduct may be a "failure to do an act which is necessary for the

protection or assistance of another and which the actor is under a duty to do." Restat. 2d of Torts § 284.  Defendants failed to secure their Internet access, which by virtue of this unsecured access, allowed the use of their Internet accounts to perform the complained of copying and sharing of Plaintiff's copyright protected motion picture.

## Plaintiff Provides an Explanation of Specific Requests

In addition to the three factors discussed above, courts have indicated that a plaintiff requesting early discovery to identify defendants should justify specific requests and explain how such requests "will lead to identifying information about defendant that would make service of process possible." *See Columbia* 185 F.R.D. at 580; *Gillespie v. Civiletti,* 629 F. 2d 637, 642 (9th Cir.1980).

The infringement at issue in this action occurred through a distribution method commonly referred to as peer-to-peer (P2P).  Users download software to their computers that allows them to locate and transfer files to and from other users.  In order to use the software to locate and exchange files, a user must connect to the Internet.

Individuals gain access to the Internet through an Internet Service Provider (ISP).  When an ISP such as Comcast Communications provides Internet access to a subscriber, it does so through a modem located at the subscriber's home or office.  Each time the subscriber access the Internet, the ISP provides a unique number to the subscriber called an Internet protocol (IP) address.  This is somewhat akin to a telephone number.

Online technology used to engage in infringement relies on the ability to identify the computers to and from which users search and exchange files.  The technology identifies those computers through the specific IP address which the user connects to the Internet.  By way of this process, Plaintiff identified the IP addresses from which individuals connected to the Internet.  *Plaintiff recorded the exact date and time individuals used numerous IP addresses to access the Internet to make*

*unlawful infringing copies and re-distribute the infringing copies of Plaintiff's copyright protected work.*

A simple search on a publically available database can determine which ISP controls a specific IP address. Plaintiff now seeks to subpoena those ISPs to determine the name and address of the subscribers to whom they assigned the recorded IP addresses.

Plaintiff requests this Court to issue an Order allowing Plaintiff to serve subpoenas on the relevant ISPs, requesting specific subscriber information necessary to identify the Doe Defendants.

Due to the provisions of 47 U.S.C. § 551 (The Cable Privacy Act) which provisions state, in part, that cable operators are prohibited from disclosing personally identifiable information concerning subscribers without the propr written or electronic consent of the subscriber or a court order, and since some Internet service providers, including those named above, are also cable operators, Plaintiff requests that the Court Order state clearly that the Court contemplated the Cable Privacy Act and that the order specifically complies with the Act's requirements. See, 47 U.S.C. § 551.

Because Plaintiff has not yet identified defendants, they are not represented and will not have an opportunity to oppose this Motion. Attorneys may have an even greater duty of candor to the Court under such circumstances. It is important to recognize that the holder of the Internet access account is not always the proper defendant in actions similar to this. While we know the infringers accessed the Internet from the account holder's modem, the actual infringer may have been a member of the household, a visitor to the household, or in cases where individuals carelessly failed to secure their wireless network, even someone outside the household. Still, just as the investigation of a hit-and-run would start with the owner of a vehicle whose license plate was recorded at the scene, so too must the investigation start with the Internet access account owner. In the prevailing majority

of cases, the owner or a member of their household will be the infringer.  In cases where the infringer is not a household member, the subscriber will likely want to know that others are accessing their account for nefarious purposes.  Plaintiff therefore seeks to depose and/or issue interrogatories to the Internet subscriber identified by each ISP in order to determine whether or not they are the proper defendant in this action.  In the interest of judicial economy, Plaintiff requests pre-authorization to conduct this supplemental discovery.

## CONCLUSION

Plaintiff requests the Court issue the requisite Order directing **AT&T d/b/a SBC Internet Services**, **Clearwire Corporation, Comcast Cable**, **Qwest Communications**, and **Verizon Internet Services** to produce any and all documents and/or information sufficient to identify the user(s) of the attached IP addresses during the corresponding dates and times as shown in **Exhibit "A"** hereto.

Plaintiff avows it will only use said information to prosecute the claims made in its Complaint.  Without this information Plaintiff cannot pursue its lawsuit to protect its copyrighted works.

Such discovery should be conditioned on (a) the ISPs having 7 calendar days after service of the subpoenas to notify the subscriber that their identities are sought by Plaintiff, and (b) each
subscriber whose identity is sought having 21 calendar days from the date of such notice to file any papers contesting the subpoena.

//
//
//
//
//
//
//

1   Plaintiff additionally requests permission to engage in limited discovery by
2   issuing interrogatories and/or deposing the individuals identified by the ISPs in order
3   to determine whether or not the Internet subscriber is the proper defendant in this
4   action.

6   DATED: March 27, 2012                LANG, HANIGAN & CARVALHO, LLP.

                                         By  s/ Timothy R. Hanigan
                                            Timothy R. Hanigan

                                         Attorneys for Plaintiff
                                         808 Holdings, LLC.