UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| 808 HOLDINGS, LLC, a corporation,<br><br>            Plaintiff,<br><br>vs.<br><br>COLLECTIVE OF JANUARY 3, 2012 SHARING HASH E37917C8EEB4585E6421358FF32F29C D63C23C91, and DOES 1 through 10, inclusive,<br><br>            Defendants. | Case No.: CV12-2251 CAS(Ex)<br><br>**[PROPOSED] ORDER GRANTING *EX PARTE* APPLICATION FOR EARLY DISCOVERY (ECF No. 6)** |

The Court, having read all papers filed in connection with the Plaintiff's *Ex Parte* Application for Early Discovery (ECF No. 6), and having considered the arguments raised therein, including the requirements of the Cable Privacy Act, 47 U.S.C. § 551, and good cause appearing therefor, Plaintiff's Application for Early Discovery is GRANTED.

On March 16, 2012, Plaintiff filed a complaint alleging violations for copyright infringement and negligence against Doe Defendants 1 through 10. (ECF No. 1). On March 27, 2012, Plaintiff submitted an *Ex Parte* Application seeking permission to take early discovery for the limited purpose of identifying these Doe Defendants. (ECF No. 6). Specifically, Plaintiff seeks to subpoena **AT&T d/b/a**

**SBC Internet Services**, **Clearwire Corporation, Comcast Cable**, **Qwest Communications**, and **Verizon Internet Services** (in their capacity as Internet Service Providers ("ISPs")) to determine the names and addresses of certain subscribers connected to certain IP addresses that have been linked to infringements of Plaintiff's copyrighted works and are named as a Doe Defendant. Additionally, Plaintiff seeks permission to then issue interrogatories to and depose the subscribers identified by these ISPs in order to determine whether the subscriber is the proper defendant in this action.

Plaintiff now seeks pre-service discovery. Specifically, Plaintiff wants to subpoena **AT&T d/b/a SBC Internet Services**, **Clearwire Corporation, Comcast Cable**, **Qwest Communications**, and **Verizon Internet Services** for documents or information sufficient to identify the subscribers to whom the suspect IP addresses had been assigned. Plaintiff has shown good cause for such discovery, for the sole purpose of identifying the Doe Defendants. Where the identity of alleged defendants will not be known prior to the filing of a complaint, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980). The Court will therefore exercise its discretion to allow Plaintiff to collect limited pre-discovery from **AT&T d/b/a SBC Internet Services**, **Clearwire Corporation, Comcast Cable**, **Qwest Communications**, and **Verizon Internet Services** and to excuse Plaintiff from the meet and confer requirements of Rule 26(d) and Rule 26(f) for the sole purpose of ascertaining the identities of the Doe Defendants. The Court will also order **AT&T d/b/a SBC Internet Services**, **Clearwire Corporation, Comcast Cable**, **Qwest Communications**, and **Verizon Internet Services** – to the extent they are "cable operator[s]" as defined by 47 U.S.C. § 522(5) – to comply with the notice provision contained in 47 U.S.C. § 551(c)(2)(B).

Plaintiff also asks authority to issue interrogatories to, or to depose, these subscribers, once identified by **AT&T d/b/a SBC Internet Services**, **Clearwire Corporation, Comcast Cable**, **Qwest Communications**, and **Verizon Internet Services**. Plaintiff seeks this authority to determine whether or not each subscriber is a proper defendant (as opposed to, *e.g.,* someone whose computer was being used without his or her knowledge). The Court will deny this request at this time. The Federal Rules of Civil Procedure do not permit issuing interrogatories to non-parties, and the authority to do so to a potential Doe Defendant is at least questionable. Further, depositions would appear to be an instance of "overkill" at this stage. However, Plaintiff has available to it all the tools of informal discovery and dispute resolution, such as the telephone and the mailbox.

IT IS THEREFORE ORDERED that "Plaintiff's *Ex Parte* Application for an Order Allowing Early Discovery" (ECF 6) is GRANTED IN PART. Plaintiff is hereby excused from the meet and confer requirements of Rules 26(d) and 26(f) of the Federal Rules of Civil Procedure, and may subpoena **AT&T d/b/a SBC Internet Services**, **Clearwire Corporation, Comcast Cable**, **Qwest Communications**, and **Verizon Internet Services** for the specific purpose of discovering the identities of the subscribers to whom the IP addresses listed in ECF 6 had been assigned at the time the alleged unauthorized distribution of "Brandon and Pierce Unwrapped" occurred.

IT IS FURTHER ORDERED that, if served with such a subpoena, **AT&T d/b/a SBC Internet Services**, **Clearwire Corporation, Comcast Cable**, **Qwest Communications**, and **Verizon Internet Services** shall each:

1) Immediately suspend any process that might delete the information sought by Plaintiff; and

2) Have 21 calendar days from the date of service of the subpoena to –

     a. Comply with the notice provision contained in 47 U.S.C. § 551(c)(2)(B), if the subpoenaed party is a "cable operator" as defined by 27 U.S.C. § 522(5); and

     b. Respond to the subpoena.

Dated this 30th day of March, 2012

*Christina A. Snyde* (signature)

United States District Judge