Danny J. Simon (Cal. Bar No. 276121)
LALCHANDANI SIMON PL
25 SE 2nd Ave., Suite 1050
Miami, FL 33131
danny@lslawpl.com
Telephone: (305) 999-5291
Facsimile: (305) 671-9282

Attorney for Person Alleged to be John Doe No. 4

# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 808 HOLDINGS, LLC, a corporation,<br><br>Plaintiff,<br><br>v.<br><br>COLLECTIVE OF JANUARY 3, 2012, SHARING HASH E37917C8 EEB4585E6421358FF32F29C D63C 23C91, and DOES 1 through 10, Inclusive,<br><br>Defendant. | Case No. CV12-2251 CAS(Ex)<br><br>Assigned to Hon. Christina A. Snyder<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOHN DOE 4'S MOTION TO DISMISS FOR LACK OF JURISDICTION, FOR RECONSIDERATION, TO DISMISS/SEVER AND FOR A PROTECTIVE ORDER AND/OR TO QUASH SUBPOENA**<br><br>Hearing Date: 09/10/12<br>Hearing Time: 10:00 AM<br>Hearing Room: 5, Spring (Judge Snyder) |

# **TABLE OF CONTENTS**

**TABLE OF CONTENTS**……………………………………………………………ii

**TABLE OF AUTHORITIES**……………………………………………………iii

**INTRODUCTION**……………………………………………………………………1

**ARGUMENT**……………………………………………………………………3

**A.    Plaintiff has Failed to Sufficiently Allege Personal Jurisdiction**……...3

**B.    The Court Should Reconsider Its Order Allowing Plaintiff to Seek Discovery Related to Multiple Defendants in a Single Action** ……………….4

**C.    Plaintiff's Joinder of 10 Unrelated Defendants in this Action is Improper**……………………………………………………………………..5

**1.    Use of the "BitTorrent Protocol" is Insufficient to Warrant Joinder**……………………………………………………………………7

**2.    Joinder Undermines Judicial Economy**……………………………..9

**D.    The Court Must Issue a Protective Order and/or Quash the Subpoena**……………………………………………………………………10

**1.    The Court Has the Authority to Control Discovery**…………………10

**2.    The Subpoena Must Be Quashed**……………………………………..11

**CONCLUSION**……………………………………………………………….13

-2-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOHN DOE 4'S MOTION
TO DISMISS FOR LACK OF JURISDICTION, FOR RECONSIDERATION, TO DISMISS/SEVER
AND FOR A PROTECTIVE ORDER AND/OR TO QUASH SUBPOENA
CASE NO. CV12-2251 CAS(EX)

# TABLE OF AUTHORITIES

**Cases**

AF Holdings, LLC v. Does 1-97, No. C 11-3067 CW, 2011 U.S. Dist. LEXIS 126225, at 7-8 (N.D. Cal. Nov. 1, 2011)……………………………………………7

AF Holidngs, LLC v. Does 1-97, No. C 11-3067 CW, 2011 U.S. Dist. LEXIS 126225, *5 (N.D. Cal. Nov. 1, 2011)…………………………………………….8

Best Western Intern., Inc. v. Doe, 2006 WL 2091695 at *2 (D. Ariz. July 25, 2006)……………………………………………………………………………..13

BMG Music v. Does 1-203, No. Civ. A. 04-650, 2004 WL 953888, at 1 (E.D. Pa. Apr. 2, 2004)……………………………………………………………………7

BMG Music v. Does 1-4, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006)……………………………………………....8

Boy Racer v. Does 2-52, 2011, U.S. Dist. LEXIS 86746, at *4 (N.D. Cal. Aug. 5, 2011) ……………………………………………………………………………….10

Boy Racer, Inc. v. Doe, 2011 U.S. Dist. LEXIS 103550 (N.D. Cal. Sept. 13, 2011)……………………………………………………………………………..14

Bubble Gum Productions LLC v. Does 1-80, "Omnibus Order Granting Defendants' Motions To Sever, Dismissing The Claims Against Does 2-80 Without Prejudice, And Vacating The Portion Of The Court's Order Granting Early Discovery As To Does 2-80," Case No. 12-20367 (S.D. Fla. July 19, 2012) ……………………….7

Consolidated Case 12-civ-01642-RGK-SS, "Request for Further Briefing, Case Management Order, and Motion for Sanction in 2:12-cv-03614" (C.D. Cal. July 24, 2012) …………………………………………………………………………….4

Farnsworth v. Proctor & Gamble Co., 758 F.2d 1545, 1548 (11th Cir. 1985)…..13

Fincher v. Keller Indus., Inc., 129 F.R.D. 123, 125 (M.D.N.C. 1990)…………..14

Hard Drive Prods., Inc. v. Does 1-188, 2011 U.S. Dist. LEXIS 94319, at *38-39

-3-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOHN DOE 4'S MOTION TO DISMISS FOR LACK OF JURISDICTION, FOR RECONSIDERATION, TO DISMISS/SEVER AND FOR A PROTECTIVE ORDER AND/OR TO QUASH SUBPOENA
CASE NO. CV12-2251 CAS(EX)

(N.D. Cal. Aug. 23, 2011).................................................................9

Hard Drive Productions v. Does 1-188, 2011 U.S. Dist. LEXIS 94319, at 40-42
(N.D. Cal. Aug. 23, 2011)..................................................................12

Hard Drive Productions v. Does 1-87, No. C-11-02333 JCS, 2011 U.S. Dist. LEXIS
119028, *3-4 (N.D. Cal. Oct. 14, 2011)...................................................11

Hard Drive Productions, Inc. v. Does 1-90, Case5:11-cv-03825-HRL, D.E. 18, Order Denying Application for Leave to Take Expedited Discovery and Severing Does 2-90 (N.D. Cal. March 30, 2012)...................................................7

Hard Drive Productions, Inc. v. John Does 1-30, No 2:11ev345, 2011 U.S. Dist. LEXIS, at *6-10 (N.D. Pa Nov. 1, 2011)...................................................7

In re BitTorrent Adult Film Copyright Infringement Cases, 2012 WL 1570765, *9 (E.D.N.Y May 1, 2012)......................................................................7

Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1306 (11th Cir. 2011) ............................................................................................12

LaFace Records, LLC v. Does 1-38, No. 5:07-CV-298-BR, 2008 WL 544992 (E.D. N.C. Feb. 27, 2008).........................................................................8

Liberty Media Holdings, LLC v. BitTorrent Swarm, 2011 U.S. Dist. LEXIS 126333, *7-9 (S.D. Fla. Nov. 1, 2011) .......................................................7

Liberty Media Holdings, LLC v. BitTorrent Swarm, 2011 U.S. Dist. LEXIS 135847 (S.D. Fla. Nov. 1, 2011).....................................................................7

Malibu Media v. John Does 1-10, Case No. 1:12-cv-3623-ODW(PJWx), [DE 7] (C.D. Cal. June 27, 2012)..................................................................5

Malibu Media v. John Does 1-10, Case No. SACV 12-649-JST(MLGx), [DE 8] (C.D. Cal. June 14, 2012)..................................................................5

MCGIP, LLC v. Does 1-149, 2011 U.S. Dist. LEXIS 108109, at *7 (N.D. Cal. Sept. 16, 2011).....................................................................................10

-4-

Nu Image, Inc. v. Does 1-3,932, 2:11-CV-545-FTM-29, 2012 WL 1890829 (M.D. Fla. May 24, 2012)……………………………………………………………..……..4

On the Cheap, LLC v. Does 1-5011, 2011 U.S. Dist. LEXIS 99831, at *10 (N.D. Cal. Sept. 6, 2011) ……………………………………………………………..…10

On the Cheap, LLC v. Does 1-5011, No. 10-4472-BZ, 2011 U.S. Dist. LEXIS 99831, 2011 WL 4018258, at *11 (N.D. Cal. Sept. 6, 2011)……………...…16

Pac. Century Int'l, Ltd. v. Doe, 2011 U.S. Dist. LEXIS 124518, at *11 (N.D. Cal. Oct. 27, 2011)……………………………………………………………………..11

Pac. Century Int'l, Ltd. v. Doe, 2011, U.S. Dist. LEXIS 124518, at *9 (N.D. Cal. Oct. 27, 2011)………………………………………………………………….16

Pacific Century Int'l Ltd. v. Does 1-101, No. C-11-02533, 2011 U.S. Dist. LEXIS 124518, *6 (N.D. Cal. Oct. 27, 2011)……………………………………….16

Patrick Collins, Inc. v. John Does 1-23, 2012 WL 1019034 (E.D. Mich. Mar. 26, 2012) ……………………………………………………………………………….7

Static Control Components, Inc. v. Darkprint Imaging, 201 F.R.D. 431, 434 (M.D.N.C.2001)……………………………………………………………………14

Straily v. UBS Financial Servs., Inc., 2008 WL 5378148 (D. Colo. Dec. 23, 2008)……………………………………….………………………………………….13

**Rules**

Fed. R. Civ. P. 20(a)(2)…………………………………………………………………8

Rule 26(c)……………………………………………………………………………8, 13

# INTRODUCTION

John Doe 4 (IP Address 76.253.5.154), by and through undersigned counsel, appears for the limited purpose of moving the Court to dismiss for failure to sufficiently allege jurisdictional facts and to reconsider its Order Granting Leave to Serve Third Party Subpoenas [DE 10]. Alternatively, John Doe 4, pursuant to Federal Rules of Civil Procedure 20, 26, and 45, moves to dismiss/sever for improper joinder and/or to quash the third-party subpoena or for a protective order.

1) Plaintiff alleges that Defendant John Doe 4, along with 9 other unrelated Doe defendants, infringed on Defendant's copyright through Internet Protocol ("IP") addresses allegedly belonging to John Doe 4 and the other Doe defendants. Plaintiff's Subpoena Duces Tecum (the "Subpoena") requests that a third-party internet service provider ("ISP") disclose identifying personal information of John Doe 4, as well as the other Defendants. (*See* **Exhibit A**). As explained below, the Court should dismiss the Complaint for failure to sufficiently allege jurisdictional facts. In the event the Court finds the jurisdictional allegations to be sufficient, the Court should reconsider its order granting *ex parte* application for early discovery [DE 10]. In the alternative, Court should sever and dismiss the Defendants for improper joinder and/or quash the subpoena/issue a protective order precluding Plaintiff from pursuing such burdensome discovery.

2) Cases such as this have been filed all over the country. The various plaintiffs do not initiate the case with the intention of litigating the matter, but rather, their lawyers hope to take advantage of the threat of statutory damages and the stigma associated with downloading pornographic movies to induce potentially innocent individual defendants to settle their cases for an amount specifically designed to be less than the amount needed to retain counsel.

3) Plaintiff's effort to compel ISP's to supply private and personal information relating to their subscribers is part and parcel of this systematic extortion of individual Internet users that raises serious questions of fairness, due process and individual justice.

4) A review of the case law reveals that similar plaintiffs filing identical lawsuits against thousands of defendants across the country have received many negative rulings, including in this Court, all within the past year. Plaintiff disregards this substantial body of case law in hopes that this Court will ignore that precedent. It should not.

5) Accordingly, Plaintiff is not entitled to the relief sought for the following reasons:

    a. **FIRST**, the Court should dismiss the matter as Plaintiff has failed to sufficiently plead jurisdiction over the Doe defendants.

b. **SECOND,** consistent with other rulings from this District, the Court should reconsider its Order Granting Leave to Serve Third Party Subpoenas.

c. **THIRD**, the joinder of 10 Defendants in this action is improper under Federal Rule 20(a), and runs the enormous risk of denying individual justice to those sued.

d. **FOURTH**, Plaintiff's effort to identify potential infringers through an IP address creates an undue burden and expense. The personal information associated with a single IP address only identifies a subscriber to the ISP's services, which could be an innocent person whose Internet access was abused by a neighbor, roommate or other person in close proximity. It does not identify a potential infringer.

Plaintiff's subpoena should be quashed for the additional reason that seeks private information solely for the purpose of annoyance, embarrassment, harassment, oppression, and undue burden or expense. Plaintiff has no intention of litigating this matter, but rather seeks to engage in a mass effort to extort settlements from potentially innocent individuals under a threat of statutory damages and the stigmatization of being associated with adult films.

## ARGUMENT

**A.     Plaintiff has Failed to Sufficiently Allege Personal Jurisdiction**

Plaintiff's allegations of jurisdiction do not meet the requirements of the

Federal Rules. Plaintiff bases its allegations of jurisdiction on the functionality of the "BitTorrent" protocol, a file sharing methodology that allows peer-to-peer file sharing over the Internet. (Compl. ¶ 50). Plaintiff alleges that because Plaintiff is a California entity, the Doe defendants' use of the BitTorrent Protocol to download Plaintiff's film necessary involved "unlawful and intentional tortuous [sic] acts" that would "cause injury in this jurisdiction." (Compl. ¶¶ 6-8). Such allegations are insufficient to establish jurisdiction.

In a recent decision in this Court, the Judge required a plaintiff in an identical case to submit supplemental briefing "addressing the geo locating tools or other relevant technology it has used in the present cases to identify the location of the IP addresses belong to the [Doe defendants] and the accuracy and the reliability of such technology." Consolidated Case 12-civ-01642-RGK-SS, "Request for Further Briefing, Case Management Order, and Motion for Sanction in 2:12-cv-03614" (C.D. Cal. July 24, 2012), attached hereto as **Exhibit B**; *See also Nu Image, Inc. v. Does 1-3,932*, 2:11-CV-545-FTM-29, 2012 WL 1890829 (M.D. Fla. May 24, 2012) ("Contrary to plaintiff's argument, its Complaint does need to sufficiently allege personal jurisdiction, although the facts alleged need only make out a prima facie case of personal jurisdiction.").

### B. The Court Should Reconsider Its Order Allowing Plaintiff to Seek Discovery Related to Multiple Defendants in a Single Action

-4-

In two recent identical cases, this Court rejected Plaintiff's efforts to take early discovery of unrelated Defendants in a single action. *See Malibu Media v. John Does 1-10*, Case No. 1:12-cv-3623-ODW(PJWx), [DE 7] (C.D. Cal. June 27, 2012), attached as **Exhibit C**; *see Malibu Media v. John Does 1-10*, Case No. SACV 12-649-JST(MLGx), [DE 8] (C.D. Cal. June 14, 2012), attached as **Exhibit D**. In the first case, the Court rejected Plaintiff's efforts to take expedited discovery for four reasons: (1) given the pornographic nature of the work, the potential for abuse was very high; (2) the Defendants are alleged to have downloaded only a piece of a protected work; and (3) the Defendants were improperly joined; and (4) the Court would not permit its use in Plaintiff's extortion scheme. Exhibit C at *4-6. Similarly, in the second case, the Court rejected joinder under Rule 20 and also found that Plaintiff sought unnecessary information about the Defendants. Exhibit D at *2-3.

The same concerns addressed by the Court in these two cases are present in this matter. As discussed below, joinder of the Defendants in these actions does not meet the requirements of Rule 20. Furthermore, the potential for abuse of the sought information by Plaintiff in carrying out its settlement demand scheme is very high.

    **C.**    **Plaintiff's Joinder of 10 Unrelated Defendants in this Action is Improper**

In its Complaint, Plaintiff improperly joined as Defendants 10 unrelated individuals. This strategy is consistent with factually identical cases filed all over the country attempting to join hundreds if not thousands of unrelated defendants in alleged copyright infringement actions. In many of those cases, and in most of the recent decisions touching this topic, the pertinent courts determined that joinder was improper and severed and dismissed all but the first defendant.[1] It is clear that Plaintiff is now hoping to get a contrary ruling in this Court. However, there is no basis for this approach. A favorable ruling to the Plaintiff will almost certainly result in an additional avalanche of filings in this District naming thousands of defendants in actions initiated by every lawyer representing the adult entertainment

---

[1] *See also Bubble Gum Productions LLC v. Does 1-80*, "Omnibus Order Granting Defendants' Motions To Sever, Dismissing The Claims Against Does 2-80 Without Prejudice, And Vacating The Portion Of The Court's Order Granting Early Discovery As To Does 2-80," Case No. 12-20367 (S.D. Fla. July 19, 2012), attached hereto as **Exhibit E**); *In re BitTorrent Adult Film Copyright Infringement Cases*, 2012 WL 1570765, *9 (E.D.N.Y May 1, 2012) (severing John Does); *Hard Drive Productions, Inc. v. Does 1-90*, Case5:11-cv-03825-HRL, D.E. 18, Order Denying Application for Leave to Take Expedited Discovery and Severing Does 2-90 (N.D. Cal. March 30, 2012) (severing defendants and denying discovery), attached hereto as **Exhibit F**; *Patrick Collins, Inc. v. John Does 1-23*, 2012 WL 1019034 (E.D. Mich. Mar. 26, 2012); *Liberty Media Holdings, LLC v. BitTorrent Swarm*, 2011 U.S. Dist. LEXIS 126333, *7-9 (S.D. Fla. Nov. 1, 2011) (severing defendants sua sponte); *Liberty Media Holdings, LLC v. BitTorrent Swarm*, 2011 U.S. Dist. LEXIS 135847 (S.D. Fla. Nov. 1, 2011) (severing defendants sua sponte); Patrick Collins, Inc. v. John Does 1-23, 2012 WL 1019034 (E.D. Mich. Mar. 26, 2012) (severing defendants and denying discovery); *AF Holdings, LLC v. Does 1-97*, No. C 11-3067 CW, 2011 U.S. Dist. LEXIS 126225, at 7-8 (N.D. Cal. Nov. 1, 2011) (severing defendants 2-97); *Hard Drive Productions, Inc. v. John Does 1-30*, No 2:11ev345, 2011 U.S. Dist. LEXIS, at *6-10 (N.D. Pa Nov. 1, 2011) (severing defendants 2-97); *BMG Music v. Does 1-203*, No. Civ. A. 04-650, 2004 WL 953888, at 1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants); *LaFace Records, LLC v. Does 1-38*, No. 5:07-CV-298-BR, 2008 WL 544992 (E.D. N.C. Feb. 27, 2008) (severed lawsuit against 38 defendants); *BMG Music v. Does 1-4*, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006) (court sua sponte severed defendants).

industry who seeks to perpetuate the current legal strategy.

Under Rule 20(a)(2), permissive joinder of multiple defendants is appropriate where "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Where misjoinder occurs, the court may, on just terms, add or drop a party so long as "no substantial right will be prejudiced by severance." *AF Holidngs, LLC v. Does 1-97*, No. C 11-3067 CW, 2011 U.S. Dist. LEXIS 126225, *5 (N.D. Cal. Nov. 1, 2011). Here, as in the plethora of identical cases around the country, joinder is not appropriate for two reasons: (1) Defendants actions do not arise out of the same transaction or occurrence; and (2) permitting joinder would undermine Rule 20(a)'s purpose of judicial economy and trial convenience.

### 1. Use of the "BitTorrent Protocol" is Insufficient to Warrant Joinder

Plaintiff's sole alleged basis for joinder – its explanation of the "BitTorrent Protocol" – is meritless. In fact, nothing in the BitTorrent Protocol creates a relationship amongst the Defendants. As one court concluded recently in an identical case:

> Under the BitTorrent Protocol, it is not necessary that each of the Does 1-188 participated in or contributed to the downloading of each other's copies of the work at issue – or even participated in or contributed to

-7-

> the downloading by an of the Does 1-188. … The bare fact that a Doe clicked on a command to participate in the Bit Torrent Protocol does not mean that they were part of the downloading by hundreds or thousands of individuals across the country or the world.

*Hard Drive Prods., Inc. v. Does 1-188*, 2011 U.S. Dist. LEXIS 94319, at *38-39 (N.D. Cal. Aug. 23, 2011); *On the Cheap, LLC v. Does* 1-5011, 2011 U.S. Dist. LEXIS 99831, at *10 (N.D. Cal. Sept. 6, 2011) (stating that joinder would violate the "principles of fundamental fairness" and be prejudicial to the defendants).

Plaintiff attempts to create the illusion that Defendants made a concerted effort. This representation is misleading as Plaintiff does not specifically allege that the Defendants shared pieces of the file with each other. *See, e.g., MCGIP, LLC v. Does 1-149*, 2011 U.S. Dist. LEXIS 108109, at *7 (N.D. Cal. Sept. 16, 2011) (finding misjoinder where the plaintiff failed to show that and of the defendants actually exchanged any piece of the seed file with another); *Boy Racer v. Does 2-52*, 2011, U.S. Dist. LEXIS 86746, at *4 (N.D. Cal. Aug. 5, 2011) (finding misjoinder where the plaintiff did not plead facts showing any particular defendant illegally shared the plaintiff's work with any other particular defendant). A close reading of the Complaint reveals that Plaintiff does not, and cannot, allege that each John Doe shared a file with each other, but rather it states that the John Doe defendants allegedly downloaded a file over the course of many hours. This is not a sufficient relationship to form the basis of joinder. This clear lack of concerted

effort on the part of the Defendants is dispositive of Plaintiff's joinder argument.[2]

### 2. Joinder Undermines Judicial Economy

Joinder is also improper because it would cause severe practical problems. As one court discussed, the disparity in factual scenarios can be great: one defendant might be an innocent parent whose internet access was abused by her minor child, while another defendant might share a computer with a roommate who infringed Plaintiff's works, and others might be actual thieves. Exhibit C at *3; *BMG*, 2004 WL 953888, at *1 ("[w]holesale litigation of these claims is inappropriate…"). "The manageability difficulties, procedural inefficiencies, and likelihood that Defendants will assert myriad factual and legal defenses compel [severance.]." *Pac. Century Int'l, Ltd. v. Doe*, 2011 U.S. Dist. LEXIS 124518, at *11 (N.D. Cal. Oct. 27, 2011) ("An internet-based copyright infringement case with at least 101 defendants would prove a logistical nightmare."). Allowing joinder in this case would involve dozens of defendants, each potentially proceeding with counsel or pro se, and eight additional ISP's; who may also participate in this case. *See, e.g., Hard Drive Productions v. Does 1-188*, 2011 U.S. Dist. LEXIS 94319, at 40-42 (N.D. Cal. Aug. 23, 2011) (finding Rule 20(a)'s purpose would be

---

[2] Any argument that the joinder issue can be resolved at a later state in the litigation is also without merit. *Hard Drive Productions v. Does 1-87*, No. C-11-02333 JCS, 2011 U.S. Dist. LEXIS 119028, *3-4 (N.D. Cal. Oct. 14, 2011) ("it is highly unlikely that [this court] would permit such extensive discovery and invasive discovery of non-parties to determine the identity of the Doe Defendants.")

-9-

undermined due to the unmanageable logistics of involving the large number of defendants and their attorneys in the case, who may also present defenses specific to their individual situations, resulting in a number of mini-trials).

### D. The Court Must Issue a Protective Order and/or Quash the Subpoena

#### 1. The Court Has the Authority to Control Discovery

As a threshold matter, the Court has broad discretion under Rule 26 to supervise, compel, and deny discovery. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011); *see also Farnsworth v. Proctor & Gamble Co.*, 758 F.2d 1545, 1548 (11th Cir. 1985). Further, Rule 26(c) gives the district court discretionary power to fashion an appropriate protective order. *Farnsworth*, 758 F.2d at 1548.

Courts addressing the interplay of Rule 45 and Rule 26(c) have repeatedly confirmed the overarching authority provided in Rule 26(c) to supervise the discovery process in a case to be tried before the Court. *See, e.g., Straily v. UBS Financial Servs., Inc.,* 2008 WL 5378148 (D. Colo. Dec. 23, 2008) (issuing protective order to prevent compliance with subpoena issued from the S.D.N.Y.); *Best Western Intern., Inc. v. Doe,* 2006 WL 2091695 at *2 (D. Ariz. July 25, 2006) (denying request for expedited discovery to determine the Doe's identities). In Best

Western, the court stated:

> Rule 45(c) does provide that subpoenas should be enforced by the district court which issued them, but this rule "does not alter the broader concept that the district court in which an action is pending has the right and responsibility to control the broad outline of discovery." *Static Control Components, Inc. v. Darkprint Imaging*, 201 F.R.D. 431, 434 (M.D.N.C.2001). General discovery issues should receive uniform treatment throughout the litigation, regardless of where the discovery is pursued. Courts have also recognized that a party's " 'discovery rights [in other districts] can rise no higher than their level in the district of trial.'" Id. (quoting *Fincher v. Keller Indus., Inc.*, 129 F.R.D. 123, 125 (M.D.N.C. 1990)).

*Id*. The subpoenas at issue in this case only exist because this Court authorized early discovery pursuant to Rule 26. Thus, the Court has the discretion to modify the discovery granted to protect the Doe Defendants.

### 2. The Subpoena Must Be Quashed

As explained above, an IP address, at best, can only identify a subscriber to an ISP; it does not identify the specific identity of the person that actually engaged in the infringing activities. To successfully identify the infringer, Plaintiff would need extensive additional information that cannot be gleaned from information requested by the Subpoena.

Indeed, a plaintiff's inaccurate portrayal of the facts required to identify infingers was exposed in *Boy Racer, Inc. v. Doe*, 2011 U.S. Dist. LEXIS 103550 (N.D. Cal. Sept. 13, 2011). After issuing a substantially identical subpoena and representing to the court that each IP address corresponds to a defendant, the

plaintiff there was forced to admit that this information was legally insufficient, and is really just the starting point for a far more invasive investigation. In rejecting that plaintiff's attempt to expand its discovery beyond its initial representations, the court quoted the key admissions in the plaintiff's argument as follows:

> 'While Plaintiff has the identifying information of the subscriber, this does not tell Plaintiff who illegally downloaded Plaintiff's works, or, therefore, who Plaintiff will name as the Defendant in this case. It could be the Subscriber, or another member of his household, or any number of other individuals who had direct access to Subscribers network.'

As a result,

> 'Plaintiff plans to request a limited inspection of Subscriber's electronically stored information and tangible things, such as Subscriber's computer and the computers of those sharing his Internet network, for the purpose of finding the individual that unlawfully violated Plaintiff's copyrighted works by uploading/downloading the file referenced BitTorrent, or to see whether such information has since been erased contrary to instructions by Verizon Online and Plaintiff's attorneys.'

*Id.* at 6-7 (rejecting plaintiff's discovery requests because "[p]resumably, every desktop, laptop, smartphone, and tablet in the subscriber's residence, and perhaps any residence of any neighbor, houseguest or other sharing his internet access, would be fair game") (internal quotation marks and citations omitted). Thus, granting Plaintiff the form of relief that it seeks would impermissibly create an undue burden by allowing Plaintiff to subpoena ISP's to obtain the detailed personal information of unknown numbers of innocent individuals that Plaintiff

could never make party to this suit and subject them to onerous, invasive discovery and/or unfair settlement tactics. *Pacific Century Int'l Ltd. v. Does 1-101*, No. C-11-02533, 2011 U.S. Dist. LEXIS 124518, *6 (N.D. Cal. Oct. 27, 2011).

Courts addressing these mass copyright infringement cases have expressed concern about such abusive settlement tactics. *Pac. Century Int'l, Ltd. v. Doe, 2011,* U.S. Dist. LEXIS 124518, at *9 (N.D. Cal. Oct. 27, 2011); *On the Cheap, LLC v. Does 1-5011*, No. 10-4472-BZ, 2011 U.S. Dist. LEXIS 99831, 2011 WL 4018258, at *11 (N.D. Cal. Sept. 6, 2011) (stating that the settlement tactics result in the defendants being left with a "decision to either accept plaintiff's demand or incur significant expense to defend themselves" and such does not "comport with the 'principles of fundamental fairness.'"); *see also Exh B*. The court in *On the Cheap* recognized that the individuals identified by the ISP "whether guilty of copyright infringement or not — would then have to decide whether to pay money to retain legal assistance, or pay the money demanded[,]" which "creates great potential for a coercive and unjust 'settlement.'" *On the Cheap, LLC*, 2011 U.S. Dist. LEXIS 99831, at *11.

## **CONCLUSION**

Defendant John Doe 4 requests that the Court dismiss for failure to sufficiently allege jurisdiction. If the Court finds that the jurisdictional allegations are sufficient, the Court should reconsider its early discovery order. Alternatively

-13-

the Court should sever and dismiss all Defendants and/or issue a protective order or quash the Subpoena and grant any further relief that it deems appropriate.

                                                     Respectfully submitted,

                                                     LALCHANDANI SIMON PL

                                                   By: /s/ Daniel J. Simon
                                                 Daniel J. Simon
                                                 California Bar No.: 276121
                                                 danny@lslawpl.com
                                                 25 SE 2nd Ave, Suite 1050
                                                 Miami, Florida 33131
                                                 Tel:   (305) 999-5291
                                                 Fax:  (305) 671-9282
                                                 *Attorney for John Doe 4*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULES 7-3

This motion is made following the conference of counsel pursuant to L.R.7-3 which took place on July 27, 2012.[3]

By: /s/ Daniel J. Simon
Daniel J. Simon, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served on all of those parties receiving electronic notification via the Court's CM/ECF electronic filing as of July 30, 2012.

By: /s/ Daniel J. Simon
Daniel J. Simon, Esq.

---

[3] The undersigned is aware that Local Rule 7-3 requires that the conferral conference take place at least 10 days prior to the filing of the Motion. However, the undersigned was retained on July 27, 2012 and John Doe 4's Internet Service Provider required that he/she submit proof of filing prior to July 31, 2012.

-1-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOHN DOE 4'S MOTION
TO DISMISS FOR LACK OF JURISDICTION, FOR RECONSIDERATION, TO DISMISS/SEVER
AND FOR A PROTECTIVE ORDER AND/OR TO QUASH SUBPOENA
CASE NO. CV12-2251 CAS(EX)