UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2251-CAS (Ex) | Date | October 1, 2012 |
|---|---|---|---|
| Title | 808 HOLDINGS LLC V. COLLECTIVE OF JANUARY 3, 2012 SHARING HASH, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| MONICA SALCIDO | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants | |
| Arthur Cavalho, Jr. | Danny Simon | |

**Proceedings:** **DEFENDANTS' MOTIONS TO DISMISS FOR LACK OF JURISDICTION, FOR RECONSIDERATION, TO DISMISS/SEVER, AND TO QUASH SUBPOENAS** (filed July 30, 2012; August 3, 2012)

## I.   INTRODUCTION

On March 16, 2012, plaintiff 808 Holdings, LLC filed suit against Collective of January 3, 2012 Sharing Hash E37917C8EEB4585E6421358FF32F29CD63C23C91 and Does 1–10 inclusive. Plaintiff brings claims for (1) copyright infringement; (2) contributory copyright infringement; and (3) negligence. Dkt. No. 1.

On March 29, 2012, plaintiff applied ex parte for an order granting it leave to conduct expedited discovery. Dkt. No. 9. On March 30, 2012, the Court granted plaintiff leave to subpoena AT&T d/b/a SBC Internet Services, Clearwire Corporation, Comcast Cable, Qwest Communications, and Verizon Internet Services, pursuant to Federal Rule of Civil Procedure 45. Dkt. No. 10. The subpoenas are limited to discovery of the names and addresses of the subscribers associated with these IP addresses and named as Doe defendants in this action. Id.

On July 30, 2012, Doe No. 4 filed a motion to dismiss for lack of personal jurisdiction, for reconsideration of the Court's prior order, to sever the parties to this case, and to quash the subpoenas. Doe No. 6 filed the same motions on August 3, 2012.[1] On

---

[1] As defendants Doe No. 4 and Doe No. 6's motions are identical in all material respects, the Court addresses the motions together.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2251-CAS (Ex) | Date | October 1, 2012 |
|---|---|---|---|
| Title | 808 HOLDINGS LLC V. COLLECTIVE OF JANUARY 3, 2012 SHARING HASH, ET AL. | | |

September 14, 2012, plaintiff filed its opposition to defendants' motions. The Court held a hearing on October 1, 2012. After considering the parties' arguments, the Court finds and concludes as follows.

## II.   BACKGROUND

This action is one of the scores of suits that have been filed in this Court and other federal courts around the country seeking to redress copyright infringement allegedly committed by various BitTorrent users, whose identity remains shrouded behind a veil of anonymity. These suits, brought by copyright owners of music, major motion pictures, and pornographic films, raise difficult issues of civil procedure, and in the face of this onslaught, courts have struggled to articulate a coherent body of law governing the pre-trial process.

In this case, plaintiff alleges that defendants have acted in concert to infringe its copyright in the pornographic motion picture, "Brandon and Pierce Unwrapped," through the use of the BitTorrent file sharing protocol. Compl. ¶ 1.[2] According to plaintiff, defendants Does 1–10 are a group of BitTorrent users, or peers, "whose computers are. . . interconnected and interdependent upon each other for the sharing of a unique file." Id. ¶ 12. These users all had: (1) the necessary software, a BitTorrent client application, running on their computers; and (2) were offering a copy of the file to other BitTorrent users, as explained below. Id. ¶ 52.

Collectively, a group of BitTorrent users makes up a "swarm," in BitTorrent parlance. Each of these swarms is associated with a particular "hash," which is a "unique identifier for a particular file"—here, a file that allegedly contains a copy of plaintiff's

---

[2] Plaintiff does not yet hold a valid copyright registration, but alleges that the U.S. Copyright Office has received its complete copyright application. Compl. ¶ 1. This is sufficient under Ninth Circuit law. See Cosmetic Ideas, Inc. v. IAC/Interactivecorp., 606 F.3d 612, 621 (9th Cir. 2010) ("receipt by the Copyright Office of a complete application satisfies the registration requirement of [17 U.S.C.] § 411(a)," which requires registration before instituting an infringement suit).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2251-CAS (Ex) | Date | October 1, 2012 |
|---|---|---|---|
| Title | 808 HOLDINGS LLC V. COLLECTIVE OF JANUARY 3, 2012 SHARING HASH, ET AL. | | |

protected motion picture.[3]  Id.  A swarm is initially created by a seed user, who "seeds" the swarm with a single file containing plaintiff's motion picture.  Id. ¶ 53.  As new users join the swarm for this particular file, the file is broken up into smaller pieces, or bits, that are "made available for distribution to others seeking the same file."  Id. ¶ 55.  By breaking up the larger file into the smaller bits that are available from different members of the swarm, a user can download a copy of the entire file faster than with previous file-sharing services, because the user can obtain different bits from different users simultaneously.  Id. ¶ 50.  Once a user has obtained all the necessary bits of a larger file, the user then has a complete copy of the original audiovisual file.  Id. ¶ 56.  Through this process, many individual users can download a copy of the file, while simultaneously making the file available to other users in the swarm.  Id. ¶ 55–56.

Plaintiff alleges that collectively, Does 1–10 are (or were) all members of the same swarm associated with the E379 Hash.  Id. ¶ 64.  These users joined the swarm in order to obtain a file containing a copy of plaintiff's protected work, which they allegedly accomplished by "sharing the exact same copy. . . , through the exact same swarm, on the exact same date."  Id. ¶ 66.  Plaintiff alleges that the uploading ("distributing") and downloading ("reproducing") of the bits that comprise a file containing its protected work amount to a concerted effort to infringe upon plaintiff's copyright in the work.  Id. ¶ 71.

Thus far, plaintiff has identified each Doe based only upon their Internet Protocol ("IP") address, which was assigned to each of them by their Internet Service Provider ("ISP") at the specific date and time at which the alleged infringing activity took place.  Id. ¶ 11.  Plaintiff allegedly obtained these IP addresses by viewing and logging the IP addresses in the swarm for the particular hash at issue in this action.  Decl. of Vaughn Greenwalt ¶¶ 7, 10.  Plaintiff further alleges that because a given IP address can be traced to the physical location of the user, plaintiff has traced the IP addresses in this case to "in

---

[3] Plaintiff has identified the hash at issue in this litigation as E37917C8EEB4585E6421358FF32F29CD63C23C91, or the "E379 Hash."  Id. ¶ 12.  Notably, more than one hash could exist for a particular audiovisual work, if multiple users make a different copy of the original file available to other users (by seeding a swarm, of course).  Here, however, plaintiff has alleged that all defendants were part of the same swarm involving the same hash.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2251-CAS (Ex) | Date | October 1, 2012 |
|---|---|---|---|
| Title | 808 HOLDINGS LLC V. COLLECTIVE OF JANUARY 3, 2012 SHARING HASH, ET AL. | | |

or around the city of Hayward, CA" for Doe No. 4 and "in or around El Monte, CA," for Doe No. 6. Decl. of Vaughn Greenwalt ¶ 7, 10.[4] In addition, plaintiff alleges that it is a California corporation in the adult entertainment industry, which "is commonly known to be centered throughout the State of California." Compl. ¶ 8.

### III. ANALYSIS

#### A. Personal Jurisdiction

##### 1. Legal Standard

Personal jurisdiction over a defendant may be established based upon the defendant's physical presence, domicile, or consent to jurisdiction within the forum state. See J. McIntyyre Machinery, Ltd. v. Nicastro, 131 S. Ct. 2780, 2787 (2011); William W. Schwarzer et al., Federal Civil Procedure Before Trial § 3:39, at 3-20 (2012). "Each of these examples reveals circumstances, or a course of conduct, from which it is proper to infer an intention to benefit from and thus an intention to submit to the laws of the forum State." J. McIntyyre Machinery, 131 S. Ct. at 2787.

On the other hand, "those who live or operate primarily outside of a state" generally have a right, under the Due Process Clause of the Fourteenth Amendment, not to be subjected to the jurisdiction of the courts of a foreign state. Id. Therefore, in order for a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have certain "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice."[5]

---

[4] The Court takes judicial notice of the fact that El Monte, CA is located within the jurisdiction of the Central District of California.

[5] Where, as here, "there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004); see Fed. R. Civ. P. 4(k)(1)(A). Because California has a long-arm jurisdictional statute that is coextensive with federal due process requirements, the jurisdictional analysis under state

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2251-CAS (Ex) | Date | October 1, 2012 |
|---|---|---|---|
| Title | 808 HOLDINGS LLC V. COLLECTIVE OF JANUARY 3, 2012 SHARING HASH, ET AL. | | |

Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Depending on the nature of the contacts between the defendant and the forum state, personal jurisdiction is characterized as either general or specific. A court has general jurisdiction over a nonresident defendant when that defendant's activities within the forum state are "substantial" or "continuous and systematic," even if the cause of action is "unrelated to the defendant's forum activities." Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 446-47 (1952); Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1287 (9th Cir. 1977).

The standard for establishing general jurisdiction is "fairly high" and requires that the defendant's contacts be substantial enough to approximate physical presence. Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000). "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." Id. (finding no general jurisdiction when the corporation was not registered or licensed to do business in California, paid no taxes, maintained no bank accounts, and targeted no advertising toward California). Occasional sales to residents of the forum state are insufficient to create general jurisdiction. See Brand v. Menlove Dodge, 796 F.2d 1070, 1073 (9th Cir. 1986).

A court may assert specific jurisdiction over a claim for relief that arises out of a defendant's forum-related activities. Rano v. Sipa Press, Inc., 987 F.2d 580, 588 (9th Cir. 1993). The test for specific personal jurisdiction has three parts:

(1) The defendant must perform an act or consummate a transaction within the forum, purposefully availing himself of the privilege of conducting activities in the forum and invoking the benefits and protections of its laws;
(2) The claim must arise out of or result from the defendant's forum-related activities; and
(3) Exercise of jurisdiction must be reasonable.

---

law and federal due process is the same. Cal. Civ. Proc. Code § 410.10; Roth v. Garcia Marquez, 942 F.2d 617, 620 (9th Cir. 1991).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2251-CAS (Ex) | Date | October 1, 2012 |
|---|---|---|---|
| Title | 808 HOLDINGS LLC V. COLLECTIVE OF JANUARY 3, 2012 SHARING HASH, ET AL. | | |

Id.; see also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475-76 (1985). The plaintiff bears the burden of satisfying the first two prongs, and if either of these prongs is not satisfied, personal jurisdiction is not established. Schwarzenegger, 374 F.3d at 802.

      If the plaintiff establishes the first two prongs regarding purposeful availment and the defendant's forum-related activities, then it is the defendant's burden to "present a compelling case" that the third prong, reasonableness, has not been satisfied. Id. (quoting Burger King, 471 U.S. at 477). The third prong requires the Court to balance seven factors: (1) the extent of the defendant's purposeful availment, (2) the burden on the defendant, (3) conflicts of law between the forum state and the defendant's state, (4) the forum's interest in adjudicating the dispute, (5) judicial efficiency, (6) the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum. Roth v. Garcia Marquez, 942 F.2d 617, 623 (9th Cir. 1991).

      Where, as here, a court decides a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss. Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995); Doe v. Unocal Corp., 27 F. Supp. 2d 1174, 1181 (C.D. Cal. 1998), aff'd, 248 F.3d 915 (9th Cir. 2001). Plaintiff's version of the facts is taken as true for purposes of the motion if not directly controverted, and conflicts between the parties' affidavits must be resolved in plaintiff's favor for purposes of deciding whether a prima facie case for personal jurisdiction exists. AT & T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996); Unocal, 27 F. Supp. 2d at 1181.

    **2.    Analysis**

      At this stage of the litigation, neither the Court nor the plaintiff knows the identity of the two Doe defendants that have challenged this Court's jurisdiction to entertain plaintiff's suit.[6] Defendants argue that plaintiff has failed to meet its burden of making a

---

      [6] The Court declines to address plaintiff's challenge to defendants' standing to proceed anonymously at this juncture, as the Court is denying plaintiff's motion. Courts have disagreed on this issue. See, e.g., Liberty Media Holdings, LLC v. Swarm Sharing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2251-CAS (Ex) | Date | October 1, 2012 |
|---|---|---|---|
| Title | 808 HOLDINGS LLC V. COLLECTIVE OF JANUARY 3, 2012 SHARING HASH, ET AL. | | |

prima facie showing of personal jurisdiction over defendants because: (1) plaintiff's allegations of general or specific jurisdiction are insufficient; (2) plaintiff has not established the accuracy or reliability of the IP address location tools. Mot. at 4. Plaintiff argues in response that it has made a sufficient showing of personal jurisdiction in this forum, both general and specific, and that regardless, a conclusive determination on the jurisdictional question at this stage of the litigation is premature. Opp'n at 12–13.

     Given the current status of the action, the Court finds that plaintiff has made a sufficient showing of personal jurisdiction. Without holding an evidentiary hearing or knowing the identities of the Doe defendants, "the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant." Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995); see also Bauman v. DaimlerChrysler Corp., 644 F.3d 909, 919 (9th Cir. 2011) (same). Here, plaintiff has alleged that defendants, based on their IP addresses, reside in California. See Pl.'s Ex. 7. Notably, defendants do not even challenge plaintiff's allegations that they are citizens of California, relying instead only on their conclusory arguments that plaintiff has failed to sufficiently allege personal jurisdiction. See Mot. at 3–4. As Amici Electronic Frontier Foundation, Public Citizen, American Civil Liberties Union Foundation, and American Civil Liberties Union argued in Call of the Wild Movie, LLC v. Does 1–1,062, a "good faith basis" to assert personal jurisdiction over Doe defendants "could be established by reliance upon geolocation information embedded in each IP address." 770 F. Supp. 2d 332, 346 (D.D.C. 2011). Thus, while the Court reserves the right to revisit the issue of the reliability and accuracy of the IP address tracing procedures at a later date, the Court finds that these allegations are sufficient, taken as true, to withstand a premature motion to dismiss. See, e.g., Liberty Media Holdings, LLC v. Does 1-62, 2012 WL 628309 (S.D. Cal. Feb. 24, 2012); Call of the Wild Movie, LLC v. Does 1–1,062, 770 F. Supp. 2d 332, 345–47 (D.D.C. 2011); London-Sire Records, Inc. v. Doe 1, 542 F. Supp. 2d 153, 181 (D. Mass. 2008) (Gertner, J.).[7]

---

Hash File AE34. . .and Does 1–38, No. 11-10802 (D. Mass. October 31, 2011).

    [7] The Court is not persuaded by those cases that have reached a contrary result on the basis of similar factual allegations. See, e.g., Celestial Inc. v. Swarm Sharing Hash 8AB508AB0F9EF8B4CDB14 ?248F3C96?5BEB882 on October 27, 2011, CV-00128-DSP, Dkt. No. 11 (C.D. Cal. May 1, 2012) (finding plaintiff's allegations that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2251-CAS (Ex) | Date | October 1, 2012 |
|---|---|---|---|
| Title | 808 HOLDINGS LLC V. COLLECTIVE OF JANUARY 3, 2012 SHARING HASH, ET AL. | | |

Because the Court finds that plaintiff has sufficiently alleged jurisdiction at this juncture based on defendants domicile in California, the Court declines to address plaintiff's argument that jurisdiction would also be proper under International Shoe against any putative non-resident defendants. Once plaintiff has determined who should be named and served as defendants to this action, they will have the opportunity to assert any jurisdictional defenses, which the Court will address in full at that time. Accordingly, defendants' motion to dismiss for plaintiff's failure to sufficiently plead jurisdiction is denied without prejudice.

> **B. Reconsideration of the Court's Prior Order Granting Expedited Discovery and Joinder of Doe Defendants**

The Court previously found that expedited discovery here is proper, solely for the purpose of discovering the names and addresses of the subscribers associated with the IP addresses at issue through third-party subpoenas. See Dkt. No. 10. Most courts to have considered the issue have agreed—a plaintiff under these circumstances should be allowed to take limited discovery to determine the identity of Doe defendants. See, e.g., Malibu Media v. Does 1–10, CV-12-3623, Dkt. No. 7 (C.D. Cal. June 27, 2012); Hard

---

demonstrated "personal jurisdiction to be somewhat more likely than not" were insufficient because of First Amendment concerns); Hard Drive Products, CV-11-3825, at *7 (N.D. Cal. March 30, 2012) (finding that geolocating of IP addresses is insufficient for even a prima facie showing of Doe defendants' residence in California). Without conducting limited discovery to identify the putative defendants to the action (discussed below), a plaintiff would "have no other way to obtain this most basic information," and therefore no way of redressing the alleged copyright infringement. UMG Recordings, Inc. v. Does 1–4, No. 06-0652, 2006 WL 1343597, at *1 (N.D. Cal. Apr. 19, 2006). The bar to proceeding with this action should not be so high that plaintiff is prevented from enforcing its rights in the protected work, notwithstanding defendants' potential First Amendment concerns, which are discussed in greater detail *infra*. Therefore, given that plaintiff has at least alleged facts that would support an exercise of jurisdiction over Doe defendants here, the Court finds that plaintiff has made a sufficient showing to withstand defendants' motion to dismiss.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2251-CAS (Ex) | Date | October 1, 2012 |
|---|---|---|---|
| Title | 808 HOLDINGS LLC V. COLLECTIVE OF JANUARY 3, 2012 SHARING HASH, ET AL. | | |

Drive Productions, Inc. v. Does 1-130, C-11-3826 DMR, 2011 WL 5573960 (N.D. Cal. Nov. 16, 2011); Liberty Media Holdings, LLC v. Does 1-62, 2012 WL 628309 (S.D. Cal. Feb. 24, 2012).

Local Rule 7-18 sets forth the bases upon which this Court may reconsider a previous interlocutory order. The Rule provides as follows:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise or reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

L.R. 7-18. The Court did not have the benefit of considering defendants' arguments when it granted plaintiff's ex parte application to conduct expedited discovery. However, after considering defendants' arguments discussed herein, the Court declines to reconsider its prior order.

Generally, discovery is not permitted until after the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f), unless a court decides that expedited discovery should be permitted "in the interests of justice," Fed. R. Civ. P. 26(d)(2), which many district courts have interpreted as requiring a showing of "good cause" by the party seeking discovery. See, e.g., AF Holdings LLC v. Does 1-97, 2011 WL 2912909 (N.D. Cal. July 20, 2011). A court may find good cause, for example, "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Semitool, Inc. v. Tokyo Electron America, Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002). Deciding whether expedited discovery is appropriate or not is committed to the sound discretion of the district court. Boschetto v. Hansing, 539 F.3d 1011, 1020 (9th Cir. 2008).

One situation where limited expedited discovery may be justified is for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2251-CAS (Ex) | Date | October 1, 2012 |
|---|---|---|---|
| Title | 808 HOLDINGS LLC V. COLLECTIVE OF JANUARY 3, 2012 SHARING HASH, ET AL. | | |

jurisdictional issues, or where "pertinent facts bearing on the question of jurisdiction are controverted [and] a more satisfactory showing of the facts is necessary." Boschetto v. Hansing, 539 F.3d 1011, 1020 (9th Cir. 2008) (citing Data Disc, Inc. v. Systems Tech. Assoc., Inc., 557 F.2d 1280, 1285 n. 1 (9th Cir. 1977)). Relatedly, when a plaintiff does not know who the putative defendants are, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless [1] it is clear that discovery would not uncover the identities, or [2] that the complaint would be dismissed on other grounds." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Discovery into jurisdictional facts or the identity of Doe defendants should be denied, however, when the request is "based on little more than a hunch that it might yield jurisdictionally relevant facts." Boschetto v. Hansing, 539 F.3d 1011, 1020 (9th Cir. 2008).

At the outset, the Court notes that this is precisely the type of case for which expedited jurisdictional discovery is often appropriate, because plaintiff is ignorant of both the identity and geographical location of the Doe defendants. See Hard Drive Productions, Inc. v. Does 1-130, C-11-3826 DMR, 2011 WL 5573960 (N.D. Cal. Nov. 16, 2011). Moreover, defendants, through their attorney, are contesting whether this Court has personal jurisdiction over this action—and as noted, the Court is unable to conclusively rule on defendants' motion without a further showing. Therefore, plaintiff should be given the opportunity to identify the Doe defendants unless one of the Gillespie limitations applies.

   1. **First Gillespie Limitation**

Applying the first Gillespie limitation here, it is not "clear" that discovery will be futile in determining who, if anyone, infringed plaintiff's work. Plaintiff's discovery request is not based on a "mere hunch" that jurisdictionally-relevant facts will be discovered, but specific allegations that individuals utilizing particular IP addresses infringed plaintiff's work. It is true that a given IP address is only assigned to a single subscriber at a particular time, but that one subscriber could share its internet connection with any number of individuals, even unwittingly. See Mot. at 12; Boy Racer, Inc. v. Doe, 2011 U.S. Dist. LEXIS 103550, at *6–7 (N.D. Cal. Sept. 13, 2011). However, plaintiff's knowledge of the identity of the IP address makes it far more likely that the identity of the alleged infringing parties will be discovered, satisfying the first step in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2251-CAS (Ex) | Date | October 1, 2012 |
|---|---|---|---|
| Title | 808 HOLDINGS LLC V. COLLECTIVE OF JANUARY 3, 2012 SHARING HASH, ET AL. | | |

Gillespie analysis.  See Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (finding discovery appropriate where, *inter alia*, the plaintiff "made a satisfactory showing that there is an actual person behind these acts who would be amenable to suit in federal court").  Therefore, limited discovery to determine the identity of potential Doe defendants is appropriate.

### 2. Second Gillespie Limitation

Second, the Court must consider whether the complaint is subject to dismissal on other grounds, such that granting plaintiff leave to conduct expedited discovery would be improper.  See Gillespie, 629 F.2d at 642; Coumbia Ins. Co., 185 F.R.D. at 580 ("[P]laintiff must make some showing that an act giving rise to civil liability actually occurred and that the discovery is aimed at revealing specific identifying features of the person or entity who committed that act.").

Here, plaintiff principally alleges that defendants copied its protected motion picture through their participation in the BitTorrent swarm at issue.  While defendants may have certain defenses available to them on the merits, defendants have not raised such defenses here, and plaintiff's allegations appear to be sufficient to state a prima facie case.  Therefore, the Court finds that plaintiff has made a sufficient showing on the merits for the purposes of taking limited expedited discovery.

### 3. Additional Considerations

Courts have identified certain additional considerations which may be at issue in cases such as this, where countervailing considerations of privacy and anonymity that derive from the First Amendment are at stake.  See London-Sire Records, Inc., 542 F. Supp. 2d at 162–63 (noting that "two First Amendment issues—the right to anonymous speech and the right to whatever creative activity is involved in the defendants' acts"—are implicated); Columbia Ins. Co., 185 F.R.D. at 580 (discussing the "legitimate and valuable right to participate. . . online. . . anonymously or pseudonymously").[8]

---

[8] The Court notes many issues overlap in considering the distinct questions of (1) whether to grant a plaintiff leave to take expedited discovery in the first instance; and (2)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2251-CAS (Ex) | Date | October 1, 2012 |
|---|---|---|---|
| Title | 808 HOLDINGS LLC V. COLLECTIVE OF JANUARY 3, 2012 SHARING HASH, ET AL. | | |

However slight the First Amendment protection defendants' activities here may be entitled to, some additional scrutiny is in order because these rights are potentially infringed upon by plaintiff's discovery request. See London-Sire Records, 542 F. Supp. 2d at 163 and nn. 10 & 11.

Moreover, the Court is cognizant of the potential abuse of the judicial process that has arguably taken place in numerous lawsuits involving copyrights for pornographic motion pictures. See, e.g., Malibu Media v. Does 1–10, CV-12-3623, Dkt. No. 7 (C.D. Cal. June 27, 2012); Hard Drive Prod., Inc. v. Does 1–90, CV-11-3925, Dkt. No. 18 at *6 (N.D. Cal. Mar. 30, 2012) (denying expedited discovery and noting that the plaintiff "admitted at the hearing that neither it nor any other plaintiff it is aware of has ever served a single defendant in one of these cases where early discovery has been granted," despite courts in the Northern District of California having issued subpoenas for more than 18,000 IP addresses); AF Holdings v. Does 1–135, CV-11-1333 (N.D. Cal. Feb. 24, 2012) (noting the same). Rather than using expedited discover to actually name and serve Doe defendants, many copyright holders in very similar lawsuits appear to have used the subscriber's information to issue unfounded settlement demands and threats of exposure if the defendant does accept the initial offer. See Hard Drive Prod., CV-11-3925 at *5–6.

Here, defendants principally complain that because there is a significant potential for abuse "by plaintiff carrying out its settlement demand scheme," the Court should deny plaintiff's discovery request. Mot. at 5. Although the Court is concerned with the potential First Amendment interests at stake and the potential for abuse, the Court agrees with the majority of courts to have considered the issue and finds that plaintiff is entitled to engage in the limited discovery the Court previously found to be appropriate. Unlike other cases involving hundreds or even thousands of Doe defendants, per the Local Rules, this case involves only ten Doe defendants who are alleged to have exchanged plaintiff's work in the same swarm. At this juncture, defendants have not presented the Court with any reason to find that this plaintiff has acted or will act abusively in carrying out discovery in this or other litigation. Defendants instead offer conclusory arguments regarding the conduct of other plaintiffs that may or may not have any relevance to this

---

whether to quash a subpoena that has already been issued.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2251-CAS (Ex) | Date | October 1, 2012 |
|---|---|---|---|
| Title | 808 HOLDINGS LLC V. COLLECTIVE OF JANUARY 3, 2012 SHARING HASH, ET AL. | | |

litigation. Because this Court and the Magistrate Judge assigned to this case retain plenary authority over discovery, there is an appropriate remedy to prevent abusive tactics, should the need arise.[9]

In short, defendants cannot have it both ways. They cannot challenge plaintiff's showing of personal jurisdiction as insufficient on the one hand, while on the other hand, refusing to disclose their identities—and moving to quash third-party subpoenas—such that the Court cannot determine whether personal jurisdiction over them is proper. Accordingly, the Court denies defendants' request for reconsideration of its order granting limited expedited discovery.

### C.   Joinder of Defendants

Federal Rule of Civil Procedure 20 governs permissive joinder, and provides that individuals may be joined as defendants if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Even where these requirements are met, however, "a district court must examine whether permissive joinder would 'comport with the principles of fundamental fairness' or would result in prejudice to either side." Coleman v. Quaker Oats Co., 232 F.3d 1271, 1296 (9th Cir. 2000); see also Fed. R. Civ. P. 21 ("the court may at any time, on just terms, add or drop a party" for improper joinder). The district court has "broad discretion" in making this determination. Id. at 1297.

---

[9] At oral argument, counsel for defendants provided the Court with a copy of a letter that plaintiff's counsel mailed to one of the Doe defendants prior to this Court's ruling on the instant motion. For a multitude of reasons—including the fact that plaintiff contacted a litigant represented by counsel—the Court admonished counsel for his mistake. The Court notes that further missteps will not be tolerated.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2251-CAS (Ex) | Date | October 1, 2012 |
|---|---|---|---|
| Title | 808 HOLDINGS LLC V. COLLECTIVE OF JANUARY 3, 2012 SHARING HASH, ET AL. | | |

 Before the advent of the BitTorrent technology, many courts found joinder in copyright infringement cases against Doe defendants to be improper, because courts found that there was "no allegation that the doe defendants acted in concert or conspired to infringe upon the copyrights." Liberty Media Holdings, LLC v. Does 1–62, No. 11-0575, 2012 WL 628309 at *4 (S.D. Cal. Feb. 24, 2012). Because of the nature of BitTorrent technology, some courts have found that Doe defendants have acted in concert in allegedly committing infringing acts, by exchanging portions of a copyrighted work in a particular swarm. See, e.g., Hard Drive Prods. v. Does 1–188, 809 F. Supp. 2d 1150 (N.D. Cal. 2011) (collecting cases). Others have disagreed, finding that use of the BitTorrent technology is insufficient to find that defendants have acted in concert with one another. Malibu Media, LLC v. John Does 1–10, No. 12-0649, Dkt. No. 9 (C.D. Cal. June 14, 2012) (finding joinder inappropriate in BitTorrent case). Although courts normally would not consider the appropriateness of joinder at such an early stage in the litigation—before the putative defendants have even been named—many courts have found it appropriate to do so because of the potential for abuse and the First Amendment rights at stake, as discussed previously. See, e.g., Hard Drive Prods., 809 F. Supp. 2d at 1157–1165.

 The Court finds that at this procedural juncture and based on the particular facts that plaintiff has alleged here, joinder of Does 1–10 is appropriate under Rule 20(a). Unlike many of the cases which have held that joinder was improper, plaintiff has alleged that all of defendants here participated in the same swarm, on the same day, sharing the same hash (file) of plaintiff's same work. Compare Liberty Media Holdings, LLC, 2012 WL 628309 at *6 (all defendants participated in same swarm sharing same unique hash) with Hard Drive Prods., 809 F. Supp. 2d at 1164 (activity in the swarm occurred over a two-week period). Because allegedly every user in the swarm is both uploading and downloading infringing content, the users are involved in the same series of transactions, for which questions of law and fact common to all defendants will clearly arise. See Call of the Wild, 770 F. Supp. 2d at 244. Under the narrow factual circumstances that plaintiff has alleged, where there are only a small number of Doe defendants and all defendants allegedly participated in the same swarm on the same day, the Court finds joinder is permissible under Rule 20(a).

 Moreover, the Court finds that joinder at this stage of the litigation will not be fundamentally unfair nor result in prejudice to either side. See Coleman, 232 F.3d at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2251-CAS (Ex) | Date | October 1, 2012 |
|---|---|---|---|
| Title | 808 HOLDINGS LLC V. COLLECTIVE OF JANUARY 3, 2012 SHARING HASH, ET AL. | | |

1296.  Joinder of only ten defendants in this case will promote judicial efficiency without prejudicing defendants or creating significant case manageability issues, compared to cases involving hundreds or even thousands of Doe defendants.  Cf. On The Cheap, LLC v. Does 1-5011, 280 F.R.D. 500, 504 (N.D. Cal. 2011) (finding that joinder of over 5,000 defendants is inappropriate).  With far fewer putative defendants in this litigation, the potential for abuse of the judicial process is substantially lessened.  Other courts have considered factors such as the potential that defendants will present "unique defenses" leading to unmanageable mini-trials or the right of all defendants to be present at each other's deposition, Malibu Media, LLC v. John Does 1–10, No. 12-0649, Dkt. No. 9 (C.D. Cal. June 14, 2012), but the Court finds that such issues are better addressed at a later stage of this nascent litigation.  In fact, here the only motions filed thus far on behalf of any defendants are identical in all respects.  Should later developments make it apparent that severance is appropriate for any reason, the Court can and will revisit the issue at that time.  However, for purposes of deciding the instant motions, the Court finds that joinder is not improper.[10]

### D. Plaintiff's Motion to Quash the Subpoena or for a Protective Order

As the Court noted in its August 15, 2012 order, all motions related to discovery matters must be noticed before the Magistrate Judge assigned to this case.  See Dkt. No. 18.  Therefore, the Court struck the portions of defendants motions wherein they reference a protective order or a motion to quash.  Accordingly, the Court declines to consider defendants' request for a protective order or to quash the subpoenas.

---

[10] At oral argument, counsel for defendants argued that a recent case from the Western District of Louisiana, West Coast Productions, Inc. v. Swarm Sharing Hash Files, et al., No. 6:12-cv-1713, 2012 WL 3560809 (W.D. La. Aug. 17, 2012), offers persuasive support for their position.  The magistrate judge there found that joinder of 1,980 defendants was improper because it would result in a "procedural albatross" and a potential "logistical nightmare."  In addition, the judge in West Coast advanced an equitable argument regarding filing fees—namely, that allowing a pornographic motion picture copyright plaintiff to pay only a single fee, rather than a separate fee for every single putative defendant, defeats judicial economy.  Id. at *8.  These concerns, however, are premature or inapposite to this case.  With only ten doe defendants here, the risk of improper settlement leverage or procedural complications is significantly reduced.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | CV 12-2251-CAS (Ex) | Date | October 1, 2012 |
|---|---|---|---|
| Title | 808 HOLDINGS LLC V. COLLECTIVE OF JANUARY 3, 2012 SHARING HASH, ET AL. | | |

## IV. CONCLUSION

In accordance with the foregoing, the Court DENIES defendants' motions without prejudice.

IT IS SO ORDERED.

|  | 00 | : | 16 |
|---|---|---|---|
| Initials of Preparer | | | MS |